DOWNEY, Judge.
This appeal involves the propriety of a final judgment directing the issuance of a peremptory writ of mandamus commanding appellant, Jack Morgan, to produce certain public records pursuant to Chapter 119, Florida Statutes (1977).
The issues were presented to the trial court upon a stipulation of counsel for the parties. Paraphrased in pertinent part the stipulation states that appellant, Morgan, is employed by the Florida Board of Medical Examiners, Department of Professional and Occupational Regulations, as an investigator for the Board with the responsibility for investigating complaints and acting as custodian of certain Board records. This stipulation states that on May 25, 1977, Robert L. Shevin, as Attorney General, made demand upon Morgan to produce for public inspection and examination the following records within his custody:
10. * * *
A. All letters of complaint and documents attendant thereto in the possession of the Respondent, submitted to the Board by the public which form the basis for an investigation by the Board.
B. All uniform complaint forms as identified in § 455.013, Florida Statutes.
The stipulation then sets forth the contentions of the parties-as follows:
11. It is Petitioner’s position that the materials requested are public records within the scope of Chapter 119, Florida Statutes, which are not statutorily or otherwise exempted from the operation of the statute and therefore subject to public inspection.
12. It is Respondent’s position that the materials requested are exempted from the operation of Chapter 119, both by § 455.08, Florida Statutes, and by public policy.
There are several statutory provisions which affect the decision of this case. First of all, in Chapter 119, known as the Public Records Act, Section 119.01, Florida Statutes (1977), provides:
119.01 General State policy on public records. — It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person.
Section 119.07, Florida Statutes (1977), in pertinent part provides:
(1) Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish copies or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. Unless - otherwise provided by law, the fees to be charged for duplication of public records shall be collected, deposited, and accounted for in the manner prescribed for other operating funds of the agency.
(2)(a) All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).
Secondly, Chapter 455, Florida Statutes (1977), which contains general provisions applicable to Administrative Boards, in material part, provides in Section 455.013:
(1) The Department of Professional and Occupational Regulation is authorized and directed to establish uniform procedures by which complaints may be made to, or reports received by, any licensing board or any program of professional or occupational licensing within the department with regard to any person or business licensed by the department, or any licensing board within the department. The uniform procedures shall encompass, but not be limited to, creation and maintenance of a uniform complaint *746 form and a uniform complaint report form, the latter form to require the following information:
(a) The agency or licensing board which received the complaint;
(b) The nature of the complaint;
(c) Any investigative action taken;
(d) Any legal action taken;
(e) Any disciplinary action taken; and
(f) An estimate of the cost to the agency or licensing board of all actions taken with regard to the complaint.
(2) Upon receipt of any complaint with regard to any person or. business licensed by the department or by any program of professional or occupational licensing within the department, the appropriate licensing board or departmental agency shall compile and maintain the information required by the uniform complaint report form until the complaint has been reviewed and the form completed. Each licensing board or departmental agency shall report semi-annually to the secretary all complaints received by that board or agency and shall include within the report a copy of the uniform complaint report form maintained with regard to that complaint.
Section 455.08 contains an exemption which is set forth in pertinent part here:
Investigative reports and records made or received by a board or agency in or representing the Department of Professional and Occupational Regulation shall be exempt from the provisions of s. 119.07, unless the board or agency has found probable cause to commence formal action.
There does not appear to be any dispute that the records in question are public records covered by Chapter 119, Florida Statutes (1977). Thus, the narrow issue to be decided is whether the provisions of Section '455.08 exempted the records in question from public inspection absent a finding of probable cause.
One of appellant’s arguments, the most easily disposed of, is that these records should not be made available for public inspection as a matter of public policy. It. seems to us the public policy argument is no longer open for debate in Florida. In News-Press Pub. Co. v. Wisher, 345 So.2d 646 (Fla.1977), the Supreme Court, reaffirming State ex rel. Cummer v. Pace, 118 Fla. 496, 159 So. 679 (1935), made it clear that only the Legislature can create exceptions to the Public Records Act; the courts may not find exceptions by implication. In State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1978), this court, quoting from a Texas case, made the same point:
“ ‘Absent such a provision, we do not believe that a court is free to balance the public’s interest in disclosure against the harm resulting to an individual by reason of such disclosure. This policy determination was made by the Legislature when it enacted the statute.’ ” (Emphasis omitted.) 353 So.2d at 1197.
Following the lesson of those cases we decline to try to discover any public policy argument differing from the legislative mandate.
We are much more impressed with appellant’s argument that the legislative intent in passing Section 455.08 was to keep confidential all records involved with complaints and investigations thereof which pertain to an individual licensed by the Board until probable cause for formal action is found to exist.
The obvious purpose of the exemption in Section 455.08 is to protect.licensees from unfounded complaints which might do irreparable damage to the individual licensee. The Legislature in its wisdom determined that it is time enough to make the records public when and if the Board finds probable cause to commence formal action. This legislative purpose would be thwarted if appel-lee prevails here because every crank complaint filed with the Board would be subject to public inspection while subsequent investigative reports which demonstrate no substance to a complaint, and thus no probable cause to proceed, would not be subject to public inspection. Therefore, we conclude that Section 455.08, Florida Statutes (1977), *747 exempting “investigative reports and records made or received by a board or agency” includes complaints and uniform complaint forms provided for in Section 455.013, Florida Statutes (1977).
Although we arrive at the foregoing conclusion independently, by considering solely what we perceive to be the legislative intent, we are reassured by the 1979 amendment to Section 455.013, wherein the Legislature provided:
(9) The complaint and all information obtained pursuant to the department’s investigation shall be exempt from s. 119.07 until 10 days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his privilege of confidentiality, whichever occurs first.
This clarification of Section 455.013 leaves no doubt that the Legislature intends to exempt from public disclosure the entire investigation process from the receipt of a complaint until 10 days after probable cause is found, if such cause is found to exist. If probable cause is found to exist the exemption ceases. We note that the trial judge did not have the benefit of the foregoing amendment when he entered the judgment in question.
In view of the foregoing, the judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings, if they are appropriate, or for the entry of judgment for appellants.
REVERSED AND REMANDED, with directions.
HERSEY and GLICKSTEIN, JJ., concur.