WIGGINTON, Judge.
By petition for writ of certiorari, the Department of Professional Regulation (Department) seeks review of a hearing officer’s order directing the Department to produce, for respondent Spiva’s inspection and copying, certain grade reports of three individuals who were appointed and licensed by the Board of Pilot Commissioners as state pilots for the port of Miami. The issue before us is whether the exemption of documents from disclosure pursuant to the Public Records Act, chapter 119, Florida Statutes, renders the documents privileged and consequently excluded from discovery in an administrative proceeding. We answer in the negative and deny certio-rari.
As the unsuccessful applicant for a position as a state pilot for the port of Miami, Spiva filed a petition for a formal administrative hearing, seeking a declaration that the three successful applicants were not *383 qualified. He later filed an amended petition requesting the Department to appoint him as a state pilot for the port of Miami. In preparing his case, Spiva sought discovery of the grade reports of the three successful applicants. The Department refused to permit any discovery in regard to the grade reports, claiming privilege pursuant to sections 119.07 and 455.229, Florida Statutes.
Section 119.07(1), Florida Statutes, requires custodians of public records to permit those records to be inspected and examined by any person making such a request. However, that provision is subject to certain exceptions. Section 119.-07(3)(a) provides:
All public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of (1).
Section 455.229, Florida Statutes, provides:
All information required by the department of any applicant shall be a public record and shall be open to public inspection pursuant to section 119.07, except financial information, examination questions, answers, papers, grades, and grading key, which shall not be discussed with or made accessible to anyone except members of the board, the department, and its staff who have a bona fide need to know such information. (Emphasis supplied).
Thus, clearly, the grade reports which Spi-va sought to inspect are exempt from disclosure under the Public Records Act, pursuant to section 119.07(3)(a) and section 455.229, Florida Statutes.
In the instant ease, however, Spiva is seeking disclosure not under the Public Records Act but pursuant to the discovery rules applicable to an administrative proceeding. Contrary to the Department’s position, we conclude that a document’s exemption from disclosure under the Public Records Act does not render it automatically privileged for the purposes of discovery pursuant to the Florida Rules of Civil Procedure in an administrative proceeding. As the Florida Supreme Court stated in Wait v. Florida Power & Light Company, 372 So.2d 420 (Fla.1979): “[W]e do not equate the acquisition of public documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure....” See also footnote 1 in State, Department of Highway Safety v. Kropff, 445 So.2d 1068 (Fla. 3d DCA 1984), in which the court noted that although the rules of civil procedure and the Public Records Act may overlap in certain areas, they are not coextensive in scope.
Section 120.58(l)(b), Florida Statutes (Supp.1984), provides that a hearing officer has the power to effect discovery upon the written request of any party by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure except the contempt sanction. Rule 1.280(b), Florida Rules of Civil Procedure, provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action. Rule 1.350, Florida Rules of Civil Procedure, provides for the production of documents within the scope of rule 1.280(b) for inspection by parties to litigation.
In the instant case, the requested documents are relevant and material to issues raised by Spiva in his administrative proceeding, and they are not subject to any recognized privilege of exclusion from discovery. Thus, the hearing officer was correct in directing the Department to produce those documents for Spiva’s inspection.
The petition for writ of certiorari is denied.
SHIVERS and WENTWORTH, JJ., concur.