ZEHMER, Judge.
H.J.M., M.D., and H.J.M., M.D., P.A., petition this court for a common law writ of certiorari to quash a discovery order entered by the circuit court in a medical malpractice case between petitioners and respondents. The order compels discovery of information relating to substance abuse treatment that Dr. M. received under the impaired practitioners program.[1] We deny the requested writ because the order does not constitute a departure from the essential requirements of law.
Briefly, the material facts alleged in the petition are as follows. In 1988, Dr. M. performed surgery on B.C. In 1989, Mr. C. and his wife, R.H.C., respondents, filed a medical malpractice action against petitioners, alleging that Dr. M. committed malpractice during the 1988 operation. During a subsequent deposition, Dr. M. referred to treatment he had received at a substance abuse treatment facility under the impaired practitioners program. Upon learning this information, respondents moved for disclosure of all records regarding Dr. M.’s substance abuse treatment. Petitioners filed motions in limine requesting the court to prohibit such information from being disclosed based on statutory provisions relating to the confidentiality of that information. The trial court made an in camera inspection of the materials and issued an order ruling that good cause had been shown for disclosure of the records, that the need for and probative value of the information outweighed the possible harm of disclosure to Dr. M., and that the subject material would be disclosed only to the parties, counsel of record, and persons employed by them in preparing for trial. The court expressly recited that it had not determined whether the material would ultimately be admissible at trial.
Subsequently, respondents attempted to depose Dr. M. about his past substance abuse and to obtain information related to his treatment at two drug rehabilitation facilities. Dr. M. refused to comply, and respondents filed a motion to compel and for imposition of sanctions. At the hearing on this motion, petitioners argued that section 458.3315(6)(a), Florida Statutes (1989), protects this information from disclosure and that such information is not reasonably calculated to lead to the discovery of admissible evidence. The trial court rejected petitioners’ arguments and ordered them to provide respondents with the requested testimony and information. The petition for certiorari seeks review of this order.
Petitioners contend that the order under review violates section 458.3315(6)(a), Florida Statutes (1991). As Dr. M. was an impaired practitioner under that statute, petitioners construe this section as a broad confidentiality provision that protects from disclosure in a civil action all information obtained by an impaired practitioner consultant and the Department of Professional Regulation during treatment of an impaired practitioner. Lacking case authority directly supporting this position, petitioners cite Holly v. Auld, 450 So.2d 217 (Fla.1984), wherein the supreme court held that section 768.40(4), Florida Statutes (1977),[2] *1333 protects proceedings and records of medical review committees from discovery in defamation actions arising out of matters that are the subject of evaluation and review by a hospital’s credentials committee. In Cruger v. Love, 599 So.2d 111 (Fla.1992), the supreme court again gave section 766.101(5), Florida Statutes (1989),[3] a broad interpretation. In that case, the question was whether this statute protected a physician’s application for staff privileges at a hospital from discovery in a medical malpractice action. Although the application was created by the physician and submitted to the hospital, rather than generated by the medical review committee or other persons submitting information to the committee, the court held the document was privileged under the statute, stating, “If the legislature intended the privilege to extend only to documents created by the board or committee, then surely that is what it would have said.” 599 So.2d at 114. Petitioners argue that the confidentiality provision contained in section 766.-101(5) is sufficiently similar to the. confidentiality provision in section 458.3315 to require this court to similarly construe the latter provision. A close analysis of these two sections, however, reveals no statutory support for petitioners’ argument.
Section 458.3315, Florida Statutes (1991), which establishes the program for the treatment of impaired practitioners, reads in pertinent part:
(6)(a) An approved treatment provider shall, upon request, disclose to the consultant all information in its possession regarding the issue of a practitioner’s impairment and his participation in the treatment program. All information obtained by the consultant and the department pursuant to this section is confidential and exempt from s. 119.07(1), subject to the provisions of this subsection and subsection (7). This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14. Failure to provide such information to the consultant is grounds for withdrawal of approval of such program or provider.
(b) If in the opinion of the consultant, after consultation with a treatment provider, an impaired practitioner has not progressed satisfactorily in a treatment program, the consultant shall disclose to the department all information in his possession regarding the issue of a practitioner’s impairment and his participation in a treatment program. Such disclosure shall constitute a complaint pursuant to the general provisions of s. 455.225. Whenever the consultant concludes that impairment affects a practitioner’s practice and constitutes an immediate, serious danger to the public health, safety, or welfare, that conclusion shall be communicated to the secretary of the department.
Unlike the language in section 458.3315, section 766.101(5)[4] at issue in Holly v. Auld and Cruger v. Love contains explicit language protecting the proceedings and records of medical review committees from discovery or introduction into evidence in civil actions against a provider of health services. The supreme court construed that language as clearly expressing the legislature’s intent to restrict discovery of hospitals’ committee proceedings. Section 458.3315, on the other hand, contains no explicit language to communicate any legislative intent to protect information disclosed in the impaired practitioners programs from discovery and use in civil litigation involving the impaired practitioner. The only intent clearly expressed in the statute is to exempt treatment information from the public records act, section 119.07, and even this protection is conditional and limited in scope. If the physician (impaired practitioner) fails to progress satisfactorily *1334 with his treatment, or if there is probable cause to believe that the impaired physician and either the consultant or the treatment provider have collaborated for the purpose of representing that the practitioner is rehabilitated when he is not,[5] all of the information of the practitioner’s treatment must be disclosed to the department, an event that essentially allows it to become public knowledge. In the event of the physician’s failure to progress satisfactorily, the disclosure of this information constitutes a complaint by the Department of Professional Regulation against the physician. The legislature thereby manifested an awareness that in certain situations the treatment information would become a matter of public record. Accordingly, applying the rationale followed in Cruger, had the legislature intended to protect from discovery in civil actions all information concerning a physician disclosed in an impaired practitioner treatment program, “then surely that is what it would have said.” 599 So.2d at 114. The language adopted in section 766.101(5), as well as in sections 395.011(9) and 395.0115(7), Florida Statutes (1991), shows that the legislature knew how to create such an absolute privilege if it so intended.
Both state and federal law have long favored the liberal construction of discovery rules based on public policy favoring the ascertainment of truth in legal proceedings. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Jones v. Seaboard Coast Line Railroad Company, 297 So.2d 861 (Fla. 2d DCA 1974). In view of this long-standing public policy and the absence from section 458.-3315 of a clear expression of intent to protect information received during treatment in an impaired practitioners program from discovery in civil actions, we hold the trial court's ruling, that section 458.3315 does not insulate the requested testimony and information on Dr. M.’s treatment from discovery in the civil malpractice action, does not constitute a departure from the essential requirements of law.
Alternatively, petitioners argue that the information ordered disclosed by the trial court is protected from such disclosure by the psychotherapist-patient privilege contained in section 90.503, Florida Statutes (1991). The record shows, however, that petitioners provided part of the information ordered disclosed by the order under review prior to first raising this objection in their “Motion of Defendants for an Order in Limine or, In the Alternative, For a Protective Order.” Thus, petitioners effectively waived the psychotherapist-patient privilege. § 90.507, Fla.Stat. (1991). See St. Paul Fire and Marine Insurance Company v. Welsh, 501 So.2d 54 (Fla. 4th DCA 1987); Tibado v. Brees, 212 So.2d 61 (Fla. 2d DCA 1968). Once this privilege has been waived, it cannot be reinvoked. Hamilton v. Hamilton, 409 So.2d 1111 (Fla. 4th DCA 1982). The trial court’s refusal to prohibit the requested discovery on this ground likewise did not constitute a departure from the essential requirements of law.
The petition for certiorari is, therefore,
DENIED.
SMITH and WEBSTER, JJ., concur.

. This program was instituted pursuant to § 458.3315, Fla.Stat. (1983).

. This provision, now renumbered § 766.101(5), Fla.Stat. (1991), is part of the statutory provision according immunity from liability to medical review committees and reads as follows:
The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they *1333 were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings.
(Emphasis added.)

. Formerly § 768.40(4). See footnote 2.

. See statutory language at note 2, supra.

. See § 458.3315(7)(a), Fla.Stat. (1991).