652 So.2d 834 (1994)
W. Lewis YARBOROUGH, M.D., and W. Lewis Yarborough, M.D., P.A., individually, jointly and severally, Petitioner,
v.
Joan S. LEWIS, Respondent.
No. 94-01265.
District Court of Appeal of Florida, Second District.
March 17, 1994.
Kenneth C. Deacon, Jr., and Gail F. Moulds, of Harris, Barrett, Mann & Dew, St. Petersburg, for petitioner.
Karen Maller, and John Allen, St. Petersburg, for respondent.
PER CURIAM.
W. Lewis Yarborough, M.D., seeks certiorari review of a pretrial discovery order requiring the disclosure of medical records documenting Yarborough's participation in an alcohol treatment program in early 1991. We find that, in granting respondent's Motion For Setting a Date Certain to Determine Whether the Records Received From Talbott-Marsh Recovery Center by the Court Are to be Produced to Plaintiff, the trial court departed from the essential requirements of law by concluding that Yarborough intentionally waived his psychotherapist-patient privilege. Therefore, we grant the petition, issue the writ, and quash the order.
The underlying facts demonstrate that respondent, Joan Lewis, sued Yarborough in 1990 for medical malpractice arising out of spinal surgery performed in June, 1988. Lewis did not allege that Yarborough's negligence or failure to obtain the patient's informed consent was the result of any impairment due to drugs or alcohol. Nevertheless, Lewis propounded interrogatories and production requests to Yarborough pertaining to his treatment for drug or alcohol abuse. Yarborough sought a protective order claiming the information was privileged and confidential pursuant to section 397.501(7)(a), Florida Statutes (1993), and applicable federal statutory provisions and Lewis moved to compel.
Lewis thereafter deposed Yarborough, who, while admitting that he had been treated at a medical facility for alcohol usage for one month in 1991, consistently asserted his privilege and refused to provide any details concerning his treatment and care.[1] Lewis then sought to subpoena those treatment records, claiming that Yarborough had waived *835 his privilege and, again, Yarborough sought a protective order.
Lewis' waiver argument was based on Yarborough's admission during his deposition that at the time of his treatment, his family, physician associates, office staff, and some members of his circle of friends knew about his hospitalization. Following a hearing in which the court allowed arguments concerning the potential waiver, the documents were ordered to be delivered for an in-camera inspection and determination of relevancy. The court withheld any ruling on the waiver issue.
After the documents were delivered to the court, Yarborough moved for a determination of relevancy and again for a protective order. At that second hearing, the trial court concluded Yarborough had "intentionally waived" his privilege and granted Lewis' production request. The court also found that the documents were relevant as they would lead to discoverable material. That order, which Yarborough now seeks to have quashed, requires him to produce any records pertaining to his treatment for drug or alcohol abuse and identify any persons or entities who might have possession of such records.
In his petition, Yarborough insists he did not waive his privilege in the pending malpractice action simply because he contemporaneously informed his family, business associates, and perhaps some friends that he was participating in a month-long treatment program. Further, Yarborough argues that before any records can be ordered disclosed, section 397.501(7)(a)5 requires a showing of good cause and a determination that the need for disclosure outweighs any potential injury.
Respondent relied upon H.J.M., M.D., P.A. v. B.R.C. & R.H.C., 603 So.2d 1331 (Fla. 1st DCA 1992), as authority for the proposition that a waiver had occurred. However, that case is factually distinguishable and not controlling here. In H.J.M., the First District denied a petition for certiorari to quash a trial court's order compelling discovery, agreeing with the trial court that the physician had waived his privilege as to discovery of information relating to substance abuse treatment. However, the waiver there occurred during the course of and in connection with the litigation itself.
Specifically, in H.J.M., during his deposition in a medical malpractice action, Dr. M. referred to his participation in a substance abuse program under the impaired practitioner's program. The plaintiffs moved to compel production of all information pertaining to such treatment, and the trial court granted the motion. The First District concluded that Dr. M. had "effectively waived the psychotherapist-patient privilege" by providing "part of the information ordered disclosed by the order... prior to first raising [his] objection in [a] "Motion of Defendants for an Order in Limine or, In the Alternative, For a Protective Order." 603 So.2d at 1334.
The actions of Dr. Yarborough here must be distinguished from the above. Throughout the course of the lawsuit, Dr. Yarborough consistently and frequently asserted his psychotherapist-patient privilege prior to complying with any court order or rule concerning discovery. As a consequence, we agree with Yarborough that the trial court's conclusion that he intentionally waived his privilege simply because he had disclosed to his family and business associates his whereabouts for a month-long period, without any other affirmative action during the course of and in connection with the pending litigation, was in error, and on that basis we grant the petition. We do not, therefore, reach the merits of Yarborough's second claim beyond acknowledging that section 397.501(7)(a) governing the psychotherapist-patient privilege, clearly requires a determination of good cause sufficient to overcome the privilege before records can be disclosed.[2]
*836 Petition granted, the writ issued, and the order below quashed.
RYDER, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] Yarborough also admitted to ongoing participation in the Impaired Physicians' Program, beginning in 1990, but similarly objected to providing any specifics, stating: "I think when I entered this program, I was told that this would be confidential, state law, and I think rather than wasting my time and your time, I am not going to answer any more questions."
[2] Section 397.501(7)(a)5 provides:

The records of service providers which pertain to the identity, diagnosis, and prognosis of and service provision to any individual client are confidential in accordance with this chapter and with applicable federal confidentiality regulations and are exempt from the provisions of s. 119.07(1). Such records may not be disclosed without the written consent of the client to whom they pertain except that appropriate disclosure may be made without such consent:
....
5. Upon court order based on application showing good cause for disclosure. In determining whether there is good cause for disclosure, the court shall examine whether the public interest and the need for disclosure outweigh the potential injury to the client, to the service provider-client relationship, and to the service provider itself. (emphasis supplied.)