PER CURIAM.
Petitioners, Edward Carvallo, M.D., Edward Carvallo, M.D., P.A., and Suncoast Outpatient Surgery Center, seek certiorari review of a trial court order compelling them to answer two interrogatories propounded by respondents, Vanessa Stuller and Robert Stuller, Jr. Because we find that the trial court’s order is overbroad, we grant the petition for writ of certiorari to the limited extent discussed in this opinion. See American Med. Sys. Inc. v. Osborne, 651 So.2d 209, 210 n. 1 (Fla. 2d DCA 1995) (holding certiorari is proper remedy for overbroad discovery orders since complaining party is beyond relief once discovery is wrongfully granted).
Respondents brought suit against petitioners for medical malpractice. During the course of the litigation, respondents served interrogatories on petitioners. Interrogatory number 5, served on petitioner Edward Carvallo, M.D., asks whether any complaints have ever been made against petitioners or:
to the Florida Department of Professional Regulation with respect to [petitioners’] treatment of a patient? If so, state the details of each such complaint, including, but not limited to, the substance of the allegations, date, individuals who filed or made such complaints and ultimate disposition.
In a separate set of interrogatories served on petitioners Edward Carvallo, M.D., P.A., and Suncoast Outpatient Surgery Center, interrogatory number 4 asks the identical question.
Petitioners objected to the interrogatories as seeking disclosure of privileged information. Respondents filed a motion to compel answers to the interrogatories, which the trial court granted. Petitioners now seek certiorari review of that ruling.
Although the interrogatories address complaints filed with the' Florida Department of Professional Regulation, that entity is the former department that had disciplinary authority over licensed physicians pursuant to section 455.225, Florida Statutes (1995), through the Agency for Health Care Administration. Since 1997, the Department of Health has been responsible for disciplinary matters in the medical profession pursuant to section 455.621, Florida Statutes (1999). See § 455.225 note 1, Fla.Stat. (1997) (stating “[t]he Department of Health has replaced the Agency of Health Care Administration for purposes of regulatory oversight of health care professionals”). We refer to both entities interchangeably in this opinion as “the Department.”
We agree with petitioners that the trial court’s order, as it currently stands, runs afoul of the confidentiality afforded certain complaints filed with the Department and certain information obtained pursuant to investigations by the Department under sections 455.621(10) and 455.225(10). Section 455.621(10), which applies to the Department of Business and Professional Regulation, is entitled “Disciplinary Proceedings.” It provides, in part, that:
[ t]he complaint and all information obtained pursuant to the investigation by the department are confidential and exempt from s. 119.07(1) until 10 days after probable cause has been found to *1066 exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his or her privilege of confidentiality, whichever occurs first....
Section 455.225(10), which applies to the Department of Health, is also entitled “Disciplinary Proceedings,” and contains an identical provision.
The intent behind sections 455.621(10) and 455.225(10), as they relate to this proceeding, is to protect physicians from the public’s discovery of unfounded complaints, or complaints without probable cause, that might do irreparable damage to the physician’s professional reputation. Cf. Morgan v. State ex rel. Shevin, 383 So.2d 744 (Fla. 4th DCA 1980) (holding purpose of exemption from public disclosure of complaints against physicians filed with the Board of Medical Examiners, Department of Professional Regulation, where no probable cause was found, in section 455.08, Florida Statutes (1977), as confirmed by 1979 amendment to section 455.013, Florida Statutes (1979),[1] was to protect licensees from unfounded complaints which might do irreparable damage to the individual licensee).
The trial court’s order in this case allows respondents to discover whether any complaints have ever been made against petitioners to the Department with respect to petitioners’ treatment of a patient. Moreover, if such complaints have been made, the trial court’s order allows respondents to discover the details of each such complaint, including, but not limited to, the substance of the allegations, date, individuals who filed or made such complaints, and the ultimate disposition. In allowing this discovery, the trial court’s order fails to distinguish between complaints filed with the Department that resulted in a finding of probable cause and those that did not.
Under sections 455.621(10) and 455.225(10), any complaints filed against petitioners with the Department that did not result in a finding of probable cause, and any information obtained pursuant to an investigation by the Department in connection with such complaints, are exempt from public disclosure in cases where petitioners did not waive their right to confidentiality. To the extent the trial court’s order allows respondents to discover such confidential information, it is overbroad. We accordingly grant the petition to the extent that we direct the trial court to limit its order to complaints filed with the Department that resulted in a finding of probable cause or where petitioners waived their privilege of confidentiality. We deny the petition in all other respects without discussion.
Petition granted in part and denied in part.
BLUE, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.
PATTERSON, C.J., dissents with opinion.

. Section 455.08, Florida Statutes (1977), and section 455.013, Florida Statutes (1979), no longer ex-i^t. However, they have evolved into section 455.225, Florida Statutes (1997), and section 455.621, Florida Statutes (1999). In 1979, section 455.08 was repealed and section 455.013 was transferred to section 455.225. Section 455.225 is the section under which disciplinary proceedings against physicians used to be brought by the Department of Professional Regulation. However, as mentioned, such proceedings are now brought by the Department of Health under section 455.621.