Mr. William W. Large General Counsel Florida Department of Health 4052 Bald Cypress Way, Bin A02 Tallahassee, Florida 32399-1701
Dear Mr. Large:
You have asked for my opinion on substantially the following question:
Is the Department of Health authorized to release to a complainant the names of probable cause panel members in a case in which that panel found no probable cause to proceed?[1]
In sum:
The Department of Health is authorized to release to a complainant the names of the probable cause panel members who considered his or her complaint and determined that no probable cause existed to proceed.
According to your letter, the Department of Health (department) received a written request from a complainant for disclosure of the names of all members of the probable cause panels that dismissed cases against various health care providers[2] brought by this complainant. The complainant is not requesting the disclosure of the investigative report, findings, or recommendations submitted to the probable cause panels by the department after completion of the department's investigation.
Disciplinary proceedings for boards of the health professions and occupations must be conducted by the Department of Health. Section 456.073, Florida Statutes, requires that the department investigate any legally sufficient,[3] signed, and written complaint filed before it.[4]
When its investigation is complete and legally sufficient, the department is required to prepare and submit to a probable cause panel of the appropriate regulatory board the investigative report of the department.[5] The report must contain the investigative findings and the recommendations of the department regarding the existence of probable cause.[6]
Section 456.073(4), Florida Statutes, provides:
"The determination as to whether probable cause exists shall be made by majority vote of a probable cause panel of the board, or by the department, as appropriate. Each regulatory board shall provide by rule that the determination of probable cause shall be made by a panel of its members or by the department."
Each professional board may provide by rule for multiple probable cause panels composed of at least two members.
Pursuant to the statute, "[a]ll proceedings of the panel are exempt from s. 286.011 until 10 days after probable cause has been found to exist by the panel or until the subject of the investigation waives his or her privilege of confidentiality."[7] The probable cause panel is required to make its determination of probable cause within 30 days after receipt of the final investigative report of the department.[8]
The statute requires the department to periodically notify the complainant of the status of the investigation, indicating whether probable cause has been found and the status of any civil or administrative action it may have taken.[9] In any disciplinary case for which no probable cause is found
"the department shall so inform the person who filed the complaint and notify that person that he or she may, within 60 days, provide any additional information to the department which may be relevant to the decision. . . . In any administrative proceeding under s. 120.57, the person who filed the disciplinary complaint shall have the right to present oral or written communication relating to the alleged disciplinary violations or to the appropriate penalty."[10]
In those cases where probable cause is found to exist, section 456.073(10), Florida Statutes, provides:
"The complaint and all information obtained pursuant to the investigation by the department are confidential and exempt from s. 119.07(1) until 10 days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his or her privilege of confidentiality, whichever occurs first."
Section 456.073(2), Florida Statutes, provides that "[f]or cases dismissed prior to a finding of probable cause, [the investigative report of the Department of Health] is confidential and exempt from s. 119.07(1)." Florida courts have recognized that the intent behind these confidentiality provisions "is to protect physicians from the public's discovery of unfounded complaints, or complaints without probable cause, that might do irreparable damage to the physician's professional reputation."[11] The release of probable cause panel members' names to a complainant clearly would not violate the intent of the statute.
Nothing in section 456.073, Florida Statutes, or any other statute to which you have drawn my attention, makes the names of probable cause panel members confidential. As discussed above, this statute specifically makes certain information confidential, but no such treatment is extended to the identity of panel members. The Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute.[12]
Therefore, in light of the public policy of this state favoring open records,[13] and in the absence of any statutory requirement of confidentiality, it is my opinion that the Department of Health is authorized to release to a complainant the names of the probable cause panel members who considered his or her complaint and determined that no probable cause existed to proceed.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] I would note that you also ask whether the educational/medical speciality of members of such a panel would be confidential. Pursuant to section 456.041, Florida Statutes, a practitioner's profile information, including all the information required for licensure, is available to the public and published on the internet. Thus, for those professionals who have initially applied to practice their profession in this state or who have renewed their licenses to practice, the public currently has access to information such as the name of each medical school that the applicant has attended and any certification that the applicant has received from a specialty board.
[2] See, s. 456.001(4), Fla. Stat., defining "[h]ealth care practitioner" to mean any person licensed under Chs. 457 (acupuncture); 458 (medical practice); 459 (osteopathic medicine); 460 (chiropractic medicine); 461 (podiatric medicine); 462 (naturopathy); 463 (optometry); 464 (nursing); 465 (pharmacy); 466 (dentistry, dental hygiene, and dental laboratories); 467 (midwifery); Parts I, II, III, V, X, XIII, or XIV, of Ch. 468 (respectively, speech-language pathology and audiology, nursing home administration, occupational therapy, respiratory therapy, dietetics and nutrition practice, athletic trainers, or orthotics, prosthetics, and pedorthics); 478 (electrolysis), 480 (massage practice); Parts. III or IV, of Ch. 483 (respectively clinical laboratory personnel or medical physicists); 484 (opticianry and hearing aid specialists); 486 (physical therapy practice); 490 (psychological services) or 491 (clinical, counseling, and psychotherapy services).
[3] See, s. 456.073(1), Fla. Stat., stating that a legally sufficient complaint must contain "ultimate facts that show that a violation of [chapter 456, Florida Statutes], of any of the practice acts relating to the professions regulated by the department, or of any rule adopted by the department or a regulatory board in the department has occurred." The department is authorized to require supporting information or documentation in order to determine legal sufficiency.
[4] Id.
[5] Section 456.073(2), Fla. Stat.
[6] Id.
[7] Section 456.073(4), Fla. Stat.
[8] Id.
[9] Section 456.073(9)(a), Fla. Stat.
[10] Section 456.073(9)(c), Fla. Stat.
[11] See, Carvallo v. Stuller, 777 So.2d 1064 at 1066 (Fla. 2d DCA 2001), discussing the intent behind s. 455.621(10), Fla. Stat., which was renumbered s. 456.073 and amended by s. 91, Ch. 2000-160, Laws of Florida, and citing Morgan v. State ex rel. Shevin, 383 So.2d 744 (Fla. 4th DCA 1980) (purpose of exemption from public disclosure of complaints against physicians filed with the Board of Medical Examiners where no probable cause was found was to protect licensees from unfounded complaints which might do irreparable damage to the individual licensee).
[12] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974). And see, Ops. Att'y Gen. Fla. 87-43 (1987), 86-32 (1986) and 82-20 (1982).
[13] See, Art. I, s. 24, Fla. Const.; Lorei v. Smith, 464 So.2d 1330
(Fla. 2d DCA 1985), pet. for rev. den., 475 So.2d 695 (Fla. 1985) (the public policy favoring open records must be given the broadest possible expression).