Mr. Michael G. Dyer Assistant Town Attorney Town of Ponce Inlet Post Office Box 15110 Daytona Beach, Florida 32118
Dear Mr. Dyer:
On behalf of the Town of Ponce Inlet, you ask substantially the following question:
Are complaints filed by a municipality with the Florida Real Estate Commission of the Department of Business and Professional Regulation exempt from disclosure pursuant to section 455.225(10), Florida Statutes?
In sum:
Pursuant to section 455.225(10), Florida Statutes, complaints against a licensed professional filed by a municipality with the Florida Real Estate Commission of the Department of Business and Professional Regulation are confidential and exempt from disclosure until 10 days after probable cause has been found to exist by the probable cause panel or by the Department of Business and Professional Regulation, or the regulated professional or the subject of the investigation waives his or her privilege of confidentiality, whichever occurs first. While the complaint filed by the municipality with the commission is exempt, the exemption afforded by the statute does not extend to other records held by the city related to the nature of the alleged offense by the licensed professional. The city, therefore, may wish to suggest that its citizens advise the city of any complaint with a licensed professional.
Initially, I would note that while it is the policy of this office not to comment on the interpretation of statutes falling within the statutory jurisdiction of a governmental agency (in this case the Department of Business and Professional Regulation and the Florida Real Estate Commission) in the absence of a request from that agency, this office has contacted the department and the commission and been advised that they do not object to this office considering this issue.
As you note in your letter, the Florida Real Estate Commission is empowered to implement the provisions of Part I, Chapter 475, Florida Statutes, regulating real estate brokers, salespersons and schools. Complaints filed against real estate licensees are reviewed and disposed of in accordance with the procedures set forth in section 455.225, Florida Statutes. Section 1(a) of the statute provides for the Department of Business and Professional Regulation (DBPR), and for the boards under its jurisdiction, to investigate complaints alleging the occurrence of a violation of Chapter 455, of any of the practice acts relating to the professions regulated by DBPR, or of any rule adopted by DBPR or a regulatory board in DBPR.
Subsection (2) of section 455.225 requires DBPR to allocate sufficient and adequately trained staff to expeditiously and thoroughly determine legal sufficiency and investigate all legally sufficient complaints. When its investigation is complete and legally sufficient, DBPR prepares and submits to the probable cause panel of the appropriate regulatory board its investigative report, containing its investigative findings and the recommendations concerning the existence of probable cause. While DBPR may dismiss a case after determining that there is insufficient evidence to support the prosecution of allegations, a detailed report is to be provided by DBPR to the appropriate probable cause panel prior to dismissal, and to the subject of the complaint after dismissal. For cases dismissed prior to a finding of probable cause, such report is confidential and exempt from section 119.07(1), Florida Statutes. The probable cause panel, however, has access, upon request, to the investigative files pertaining to a case prior to dismissal of such case. If DBPR dismisses a case, the probable cause panel may retain independent legal counsel, employ investigators, and continue the investigation and prosecution of the case as it deems necessary.
The determination as to whether probable cause exists is to be made by majority vote of a probable cause panel of the board, or by the department.[1] All proceedings of the panel are exempt from section286.011, Florida Statutes, until 10 days after probable cause has been found to exist by the panel or until the subject of the investigation waives his or her privilege of confidentiality.
Section 455.225(10), Florida Statutes, provides:
"The complaint and all information obtained pursuant to the investigation by the department are confidential and exempt from s. 119.07(1) until 10 days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his or her privilege of confidentiality, whichever occurs first. However, this exemption does not apply to actions against unlicensed persons pursuant to s. 455.228 or the applicable practice act. Upon completion of the investigation and pursuant to a written request by the subject, the department shall provide the subject an opportunity to inspect the investigative file or, at the subject's expense, forward to the subject a copy of the investigative file. The subject may file a written response to the information contained in the investigative file. Such response must be filed within 20 days, unless an extension of time has been granted by the department. This subsection does not prohibit the department from providing such information to any law enforcement agency or to any other regulatory agency."
Florida's Public Records Law, Chapter 119, Florida Statutes, requires that all records made or received pursuant to law or ordinance or in connection with the transaction of official business by a public agency must be open for personal inspection.[2] Only those records that are provided by law to be confidential or that are prohibited from being inspected by the public by general or special law are exempt from the disclosure provisions of Chapter 119. You state that the town was provided with an informal opinion by the Department of Business and Professional Regulation stating that the confidentiality provisions of section 455.225(10), Florida Statutes, would apply to the town as complainant, as well as to DBPR.
Recently, the Second District Court of Appeal in Carvallo v. Stuller[3]
considered the purpose underlying section 455.225(10), Florida Statutes. The case involved a medical malpractice action against a doctor, professional association, and surgery center, and whether the defendants were required to answer certain interrogatories relating to complaints filed against them. The District Court of Appeal held that plaintiffs were only entitled to discover those complaints against defendants that resulted in a finding of probable cause or for which defendants waived their privilege of confidentiality, stating that the purpose of confidentiality afforded by section 455.225(10) was "to protect physicians from the public's discovery of unfounded complaints, or complaints without probable cause, that might do irreparable damage to the physician's professional reputation."[4]
Section 455.225(10), Florida Statutes, therefore, appears to provide for the confidentiality of complaints filed by a municipality with DBPR and the Florida Real Estate Commission.
You refer to the provisions of section 112.317(6), Florida Statutes, making it a misdemeanor to disclose the existence of a complaint filed with the Ethics Commission or any information in connection with the confidential preliminary investigation. The statute, however, does not provide penalties for the disclosure of such information. Section 455.225, Florida Statutes, however, contains no similar provision. Moreover, I would note that several statutes that impose criminal penalties for the disclosure of the existence of a confidential complaint have been held unconstitutional. For example, in Doe v. Gonzalez[5] the district court concluded that section 112.317(6), Florida Statutes, is unconstitutional, stating that "[a]n analysis of the governmental interests said to be advanced by the legislation at issue in the instant case clearly indicates that such interests are insufficient to justify the restrictions on First Amendment freedoms interposed by the legislation."
In addition, section 455.255(10), Florida Statutes, provides for the confidentiality of the complaint and the information obtained pursuant toDBPR's investigation. Unlike section 112.317(6), Florida Statutes, which seeks to prohibit the disclosure of the intent to file and the existence of a complaint, section 455.255(10) only provides for the confidentiality of the complaint itself and would not appear to extend to the records relating to the municipality's decision to file a complaint or other records generated during the municipality's investigation of the alleged offense by the licensed professional. A municipality, therefore, may wish to encourage its citizens who consider themselves aggrieved by the actions of a licensed professional to contact the municipality.
Accordingly, I am of the opinion that pursuant to section 455.225(10), Florida Statutes, complaints against a licensed professional filed by a municipality with the Florida Real Estate Commission of the Department of Business and Professional Regulation are confidential and exempt from disclosure until 10 days after probable cause has been found to exist by the probable cause panel or by the Department of Business and Professional Regulation, or the regulated professional or subject of the investigation waives his or her privilege of confidentiality, whichever occurs first. While the complaint filed by the municipality is exempt, the exemption afforded by the statute would not appear to extend to other records held by the city related to the nature of the alleged offense by the licensed professional. The city, therefore, may wish to suggest that its citizens advise the city of any complaint with a licensed professional.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 455.225(4), Fla. Stat., requiring each regulatory board to adopt a rule stating whether probable cause is to be found by a probable cause panel or by the Department.
[2] Section 119.07(1)(a), Fla. Stat.
[3] 777 So.2d 1064 (Fla.2d DCA 2001).
[4] 777 So.2d at 1066. Cf., Morgan v. State ex rel. Shevin, 383 So.2d 744
(Fla. 4th DCA 1980) (holding purpose of exemption from public disclosure of complaints against physicians filed with the Department of Professional Regulation, where no probable cause was found, was to protect licensees from unfounded complaints which might do irreparable damage to the individual licensee).
[5] 723 F. Supp. 690, 695 (S.D.Fla. 1988), affirmed, 886 F.2d 1323
(11th Cir. 1989). And see, Rantel v. City of Fort Lauderdale, No. 88-6676-Civ (S.D.Fla. 1990); State v. Peterson, Nos. 84-906-MM and 84-933-MO (Bay Co. Ct. 1984), holding that a predecessor to section112.533(3), Fla. Stat., has been declared unconstitutional by several circuit courts.