MARSTILLER, J.
 

 Petitioner, the Department of Health (“Department”), seeks review of a nonfinal discovery order from the Division of Administrative Hearings requiring production of certain documents that are confidential and exempt from disclosure under Florida’s Public Records Act. The Department has instituted license disciplinary proceedings against Respondent, Kenneth D. Poss, D.P.M., and the presiding Administrative
 
 *511
 
 Law Judge (“ALJ”) entered the discovery-order at issue when the Department moved to quash a subpoena duces tecum Dr. Poss served on the Department’s expert witness. For the reasons that follow, we conclude the ALJ erred by requiring production of documents deemed confidential under section 456.073(10), Florida Statutes, concerning health care practitioners other than Dr. Poss.
 

 The Department filed an administrative complaint against Dr. Poss on February 25, 2010, alleging failure to practice podia-tric medicine with the level of care, skill, and treatment recognized by a reasonably prudent physician as being acceptable, and failure to keep medical records justifying the course of treatment given to a patient. During discovery, Dr. Poss noticed the Department’s expert, Stephen M. Meritt, D.P.M., for a deposition and served him with a subpoena duces tecum listing twenty-five categories of documents he was to produce at the deposition. As pertinent to the case before us, Dr. Poss sought production of the following documents in Dr. Meritt’s possession:
 

 4. Any correspondence received from the Department referencing Dr. Poss or related to any matter involving Dr. Poss.
 

 5. Copies of any letters written by you regarding Dr. Poss, or related in any way to Dr. Poss.
 

 [[Image here]]
 

 17. Copies of any opinion letters written by you in the past ten years for any regulatory agency or related to any malpractice case.
 

 In its motion to quash, the Department asserted as to categories 4, 5, and 17, that
 

 Dr. Poss’s subpoena would require violating section 456.078(10), Florida Statutes, where the information sought concerned disciplinary investigations by the Department in which there had been neither a finding of probable cause nor a waiver of confidentiality by the subject of the investigation.
 

 The ALJ issued an Order on Motion to Quash requiring Dr. Meritt to produce,
 
 inter alia,
 
 the following documents:
 

 c. Category 4: Any correspondence received from the Department referencing Dr. Poss or related to any matter involving Dr. Poss.
 

 d. Category 5: Copies of any letters written by you regarding Dr. Poss, or related in any way to Dr. Poss.
 

 * * *
 

 g. Category 17: Copes [sic] of any opinion letters written by you in the past 10 years to the Florida Board of Podiatry related to standards of care and treatment of medical conditions.
 

 This Court granted the Department’s motion to stay the ALJ’s order pending review insofar as it requires production of documents related to cases in which there has been no finding of probable cause and no waiver of confidentiality.
 
 [1]
 

 The issue before us is whether the Department’s confidential investigative records are subject to discovery by Dr. Poss for use in cross-examining the Department’s expert witness in the disciplinary proceedings against him. The records are public records as defined in section 119.011(12), Florida Statutes. Section
 
 *512
 
 119.07(1), Florida Statutes, permits any person to inspect and copy public records held by a state agency unless a statutory exemption applies. Section 456.073(10), Florida Statutes (2009), provides such an exemption for information the Department obtains during a disciplinary investigation:
 

 The complaint and all information obtained pursuant to the investigation by the department are
 
 confidential and exempt
 
 from s. 119.07(1) until 10 days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his or her privilege of confidentiality, whichever occurs first.
 

 (Emphasis added.) Thus the Department’s investigative records remain confidential and exempt from chapter 119 unless probable cause is found to prosecute the licensee or the licensee affirmatively waives confidentiality. Exemption from disclosure under section 119.07(1) does not also exempt a public record from discovery in administrative proceedings.
 
 See Dep’t of Prof'l Reg. v. Spiva,
 
 478 So.2d 382, 383 (Fla. 1st DCA 1985) (unsuccessful applicant for a position as state pilot for the Port of Miami was entitled under discovery rules to exam grade reports for successful applicants where the requested reports were exempt from section 119.07(1) but were relevant and material to the applicant’s administrative challenge). Where confidentiality has been at issue, however, our decisions have turned on the presence or absence of statutory language limiting or defining the types of proceedings in which confidential public records may be disclosed and used, and a balancing of the parties’ interests or competing public policies.
 

 in
 
 Florida State University v. Hatton,
 
 672 So.2d 576 (Fla. 1st DCA 1996), an administrative law judge ordered the university to produce two years’ worth of orders in student conduct code violation cases with all personal identifying information redacted. The student seeking discovery of the orders had filed a rule challenge aimed at invalidating one of the university’s disciplinary rules.
 
 Id.
 
 at 577. The requested orders constituted confidential student records under section 228.093,
 
 [2]
 
 Florida Statutes, and were exempt from section 119.07(1). Section 228.093 specified such records could be released only upon the written consent of the student or the student’s parent or guardian, or to certain enumerated persons or entities without consent, including a “court of competent jurisdiction in compliance with an order of that court or the attorney of record pursuant to a lawfully issued subpoena.”
 
 Id.
 
 at 577-78. We determined that neither the student prosecuting the rule challenge without an attorney nor the Division of Administrative Hearings were among the persons or entities to whom confidential student information could be released without written consent, even with redaction.
 
 Id.
 
 at 579. We reasoned further that the student’s “interest in obtaining the confidential documents is outweighed by the substantial privacy interest in the documents which the legislature has accorded to the subject students and their parents, and the interest of the University in avoiding penalties which may ensue from disclosure.”
 
 Id.
 
 at 580.
 

 By contrast, in
 
 H.J.M v. B.R.C.,
 
 603 So.2d 1331 (Fla. 1st DCA 1992), we held that medical malpractice plaintiffs were entitled to discover confidential informa
 
 *513
 
 tion held by the Department of Professional Regulation concerning substance abuse treatment the defendant physician received under an impaired practitioners program. Section 458.3315,
 
 [3]
 
 Florida Statutes, established the program to permit practitioners to obtain treatment in lieu of disciplinary sanctions, and made all information about such treatment “confidential and exempt” from section 119.071(1).
 
 Id.
 
 at 1333. During discovery in the medical malpractice action, the defendant stated in deposition he had been treated for substance abuse under the impaired practitioners program. The plaintiffs thereafter sought disclosure of all records related to the treatment.
 
 Id.
 
 at 1332. In reaching our conclusion that the records were discoverable notwithstanding their confidential nature, we reasoned that
 

 Section 458.3315... contains no explicit language to communicate any legislative intent to protect information disclosed in the impaired practitioners programs from discovery and use in civil litigation involving the impaired practitioner.... [H]ad the legislature intended to protect from discovery in civil actions all information concerning a physician disclosed in an impaired practitioner program, then surely that is what it would have said. The language adopted in section 766.101(5), as well as in sections 395.011(9) and 395.0115(7), Florida Statutes (1991), shows that the legislature knew how to create such an absolute privilege if it so intended.
 

 Id.
 
 at 1333-34 (quotations and citations omitted). In the absence of legislative policy disfavoring use of the information in civil suits, we determined the longstanding public policy favoring liberal discovery justified disclosure of the doctor’s substance abuse treatment records in a malpractice action against him.
 
 Id.
 
 at 1334.
 
 Cf. Eastern Cement Corp. v. Dep’t of Envtl. Reg.,
 
 512 So.2d 264, 265-66 (Fla. 1st DCA 1987) (allowing discovery in administrative proceedings of public records containing confidential trade secrets where statute did not prohibit their use in such proceedings, as long as party seeking disclosure can demonstrate necessity for the information).
 

 Like the statute in
 
 H.J.M.,
 
 section 456.073(10) contains no language prohibiting use of the Department’s confidential investigative records in administrative or court proceedings. But we agree with the Second District Court of Appeal that the public policy behind keeping these records confidential outweighs an asserted need for the information in litigation. In
 
 Carvallo v. Stuller, 777
 
 So.2d 1064 (Fla. 2d DCA 2001), the plaintiffs in a medical malpractice action served interrogatories on the defendants which included a question asking whether any complaints had ever been made against them to the Department, and if so, requesting the details of each complaint, “including, but not limited to, the substance of the allegations, date, individuals who filed or made such complaints and ultimate disposition.”
 
 Id.
 
 at 1065. In reviewing the trial court’s order compelling the defendants to answer the interrogatory, the Second District determined that compliance with the order could reveal information about complaints deemed confidential under section 455.621(10) (the predecessor to section 456.073(10)) as no probable cause had been found and the defendants had not waived their right to confidentiality.
 
 Id.
 
 at 1066. The appellate court found the order over-broad to the extent it gave the plaintiffs access to such information because “[t]he intent behind section[ ] 455.621(10) ... is to protect physicians from the public’s discovery of unfounded complaints, or com
 
 *514
 
 plaints without probable cause, that might do irreparable damage to the physician’s professional reputation.”
 
 Id.
 

 This public policy is even weightier in the instant case where Dr. Poss seeks access to records that would reveal confidential complaints and investigations against physicians
 
 other than him,
 
 and he asserts the information is necessary only to cross-examine the Department’s expert witness in the disciplinary proceedings against him. We do not see how opinions Dr. Meritt rendered in cases where no probable cause was found are relevant, let alone necessary, to adequately challenge his opinion in Dr. Poss’s case. Probable cause has been found by a panel of the Board of Podiatric Medicine to charge Dr. Poss with disciplinary violations. The issue in the disciplinary proceedings now is whether Dr. Meritt’s opinion constitutes clear and convincing evidence of the charged violations.
 
 See generally Dep’t of Banking and Finance, Div. of Securities & Investor Prot. v. Osborne Stern & Co.,
 
 670 So.2d 932 (Fla.1996). Thus the relevant opinions of Dr. Meritt would be those on which the Department relied, successfully or unsuccessfully, in post-probable cause prosecutions.
 

 But assuming the information is relevant to Dr. Poss’s cross-examination efforts, other information and records he has requested — including all materials Dr. Mer-itt relied on in rendering his opinion, a sizeable sample of patient charts for people treated by Dr. Meritt for specified podiatric conditions, and notably, opinion letters Dr. Meritt has written to the Board on questions of standards of care and treatment in cases where probable cause was found — enable adequate cross examination of Dr. Meritt. As such, we find Dr. Poss’s need for confidential investigative records pertaining to other physicians substantially outweighed by the need to shield those physicians’ reputations. As to investigative records pertaining to him, however, the policy concerns underlying section 456.073(10) are satisfied for he effectively waived his right to confidentiality by requesting production of those documents.
 

 Accordingly, we grant the Department’s petition in part and direct the ALJ to limit the Order on Motion to Quash such that it does not require production of documents relating to complaints and investigations against physicians other than Dr. Poss where no probable cause has been found and no waiver of confidentiality exists. However, to the extent the Department seeks to limit Dr. Poss’s discovery of confidential records related to him, we deny the petition for we conclude Dr. Poss’s request for such information constitutes a waiver of confidentiality.
 

 Petition GRANTED in part and DENIED in part.
 

 HAWKES, C.J., and PADOVANO J., concur.
 

 [1]
 

 . Doubtless in an abundance of caution, the Department subsequently obtained a protective order under which the documents to be produced in categories 4, 5, and 17, among others, would not be copied by Dr. Poss, would be viewed only by him, his counsel, and his expert witness, and would be sealed and remain confidential and unavailable for public inspection if they were received into evidence or proffered at the final hearing.
 

 [2]
 

 . Section 228.093 was repealed by chapter 2002-387, section 1058, Laws of Florida, and recodified as section 1002.22, Florida Statutes (2002). Section 1002.22, in turn, was substantially rewritten in 2009.
 
 See
 
 ch. 2009-239, § 2, Laws of Fla.
 

 [3]
 

 . Now section 456.076, Florida Statutes.