# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4527

_____

BETH HICKS, LCSW,

Petitioner,

v.

STATE OF FLORIDA, and ROBERT
STEVEN PRICE,

Respondents.

_____

Petition for Writ of Certiorari—Original Jurisdiction.
Kevin Grover, Judge.

July 23, 2019

PER CURIAM.

Robert Steven Price is criminally accused of sexually assaulting his daughter and stepdaughter, both of whom became patients of Beth Hicks, LCSW, a psychotherapist whose therapy notes Price successfully sought in proceedings below. Hicks claims the trial court's order, which compelled her to produce therapy notes for the two family members as well as a sibling (all under age 12), violates the patient-psychotherapist privilege.[1]

_____

[1] Florida law provides that a "patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional

To warrant relief from the order, Hicks must establish that the trial court's order departs from the essential requirements of law and causes material injury to Hicks[2] or her patients throughout the remainder of the proceedings for which no adequate remedy is available on appeal. *J.B. v. State*, 250 So. 3d 829, 831 (Fla. 3d DCA 2018) (noting that certiorari "is the proper vehicle to review discovery orders compelling the production of information that is protected by the statutory psychotherapist-patient privilege"). The record establishes that irreparable harm would result from disclosure of the privileged therapy notes at issue in this case. The only question is whether the trial court's ruling, which ordered copies of all therapy notes for all therapy sessions "for all three children at issue in this matter and treated by [Hicks]" to be provided to the court for in-camera inspection, is invalid because of the lack of a clearly established waiver of the privilege by the three children.

At best, the record reflects that Hicks participated in a deposition without first asserting the privilege until ordered to provide therapy notes (she was listed initially as a state witness, but later removed). In addition, the custodial parent participated in a deposition and a hearing without asserting her child's privilege. At no point does it appear that any explicit waiver occurred or was intended, nor were therapy notes divulged. *Cf. H.J.M. v. B.R.C.*, 603 So. 2d 1331, 1334 (Fla. 1st DCA 1992) (privilege waived where information sought had already been voluntarily disclosed prior to raising objection). Instead, these limited litigation activities, without more, fail to clearly establish a waiver of the children's psychotherapist-patient privilege with Hicks, one that exists to encourage patients to seek counseling and

---

condition, . . . between the patient and the psychotherapist[.] . . . This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship." § 90.503(2), Fla. Stat. (2019).

[2] The psychotherapist-patient privilege may be claimed by the "psychotherapist, but only on behalf of the patient. The authority of a psychotherapist to claim the privilege is presumed in the absence of evidence to the contrary." *Id.* § 90.503(3)(d).

treatment for psychological harm. As Hicks's counsel notes, "Why would a child victim of sexual abuse be open, honest or even willing to seek necessary treatment if he or she believes that others, including the perpetrator of the sexual abuse would have unlimited access to those mental health care records?" We conclude that absent a clear and unequivocal waiver of the psychotherapist-patient privilege at issue, the compelled disclosure of the confidential therapy notes for the three minor children "is exactly the type of fishing expedition that this Court, the United States Supreme Court, and our sister courts have strongly cautioned against." *J.B.* 250 So. 3d at 833.

PETITION GRANTED.

WOLF, MAKAR[3], and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Catherine B. Chapman and Jaken E. Roane, Guilday Law, P.A., Tallahassee, for Petitioner.

Caren Bennett, Panama City, and J. Shad Redmon, Assistant State Attorney, Port St. Joe, for Respondents.

---

[3] Judge Makar, who was substituted for an original panel member, has reviewed the briefs, record, and video recording of the oral argument