875 So.2d 1 (2004)
Arthur JOHNSON, Superintendent of the Palm Beach County Schools, Appellant,
v.
Ancil DELUZ, et al., Appellees.
Nos. 4D03-218, 4D03-223.
District Court of Appeal of Florida, Fourth District.
March 10, 2004.
Randall D. Burks, West Palm Beach, for appellant.
Thomas L. Johnson of Chamblee, Johnson & Haynes, P.A., Tampa, for appellees.

CORRECTED OPINION
POLEN, J.
Upon appellees'/cross appellants' motion for rehearing, and appellant/cross-appellee's notice of technical errors, we withdraw our former opinion of February 18, 2004, and substitute the following in lieu thereof.
This appeal follows a final order instructing the appellant/cross-appellee to redact certain portions of an investigative report that was conducted on a public school principal. The report not only contained *2 information about the principal, but also contained certain student identifying information that is subject to privacy concerns. As explained in detail below, we reverse the ruling of the trial court.
In order to clarify the issues raised in this rather unique appeal, a thorough discussion of the underlying facts is helpful. Amelia Ostrosky was the principal of the Dreyfoos School of the Arts. Ostrosky was the subject of an investigation by the superintendent, Arthur Johnson. Johnson's investigation resulted in an 8000 page report. The report addressed Ostrosky's misconduct as principal, referenced other faculty members of the school, and included confidential student information. Appellees were classroom teachers at the Dreyfoos school.
When the report was completed, Johnson notified some of the faculty members that they were entitled to a copy of the report. Since the report contained information that may be considered derogatory and may end up in the personnel files of the employees, they had the statutory right to read and respond to it. He offered them the opportunity to see the report if they signed a confidentiality agreement regarding the student information contained in the report. In the alternative, he offered them the ability to have a copy of the report with the confidential information redacted. Both options were refused. The faculty members then filed petitions for writs of mandamus asking the circuit court to compel the school district to release the unredacted report to them without any restrictions. In response to the petitions for writs of mandamus, the school board filed a counterclaim asking the court for a declaratory judgment that would resolve the conflict between the employees' right to review the report and the confidentiality of the student information.
Initially, the trial court entered an order directing the school board to provide the petitioners with the report with all student identifying information redacted. The order also required the school board to notify the students of their right to object to the redacted information. The court order explained that once the petitioners reviewed the report perhaps they would be better able to explain why the redacted material is necessary to their ability to respond to it or perhaps they would conclude they did not actually need the redacted information. Neither result occurred. Further, the trial court reasoned that perhaps after notification the students would not object to the release of the information in the report. This too was not the result. The trial court set aside time parameters giving the parties involved time to respond.
As a result of the notifications to students and parents and the redacted versions of the report being released, several students, parents and employees objected to the information contained in the report. Once again appellees requested an unredacted copy of the report so that they could better respond to the allegations.
After numerous hearings, the trial court ultimately ruled that it was not its place to determine what information ultimately remains confidential. The trial court pointed out that under applicable Florida law, if the report is turned over to the school board, it becomes public. In addition the trial court found that certain students mentioned in the report had privacy rights implicated, while others did not. The court ordered that the school board redact those portions of the report that identify a student who is defined as exceptional under section 228.041(18)(2001), Florida Statutes. This appeal timely follows the trial court's order.
*3 Although the parties have not provided a copy of the actual report, we do not feel that seeing the report is necessary to our determination of the issues in this case because there does not appear to be any dispute as to the report's contents for the issues presented here. Initially the parties take issue over the portion of the trial court ruling that ordered the school board to redact information on exceptional students. Neither party was happy with the trial court's ruling in this regard. Appellees contends that no information should have been redacted because they are unable to respond to such a heavily redacted report. In that same vein Appellees maintains that school officials are already given the responsibility of maintaining student confidentiality, so there is no threat in giving them the unredacted version of the report. Johnson's position is that all student identifying information ought to be redacted, not just the information relating to exceptional students.
We agree with Johnson. Section 1012.31(3), Florida Statutes, which governs personnel files of public school employees, provides that any complaint and any material relating to the investigation of a complaint against a public school system employee shall be confidential until such time that the preliminary investigation ceases to be active, then the complaint and all such materials shall be open to the public pursuant to section 119.07(1). Section 119.07(1), Florida Statutes, provides in pertinent part: "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so...."
Under these statutory provisions it is clear that once the investigation is no longer active, the report and all accompanying materials become part of the personnel file and then would be open for public inspection. The problem posed in this case is that the report also contains identifying information about students.
"Every student shall have a right of privacy with respect to the educational records kept on him or her. Personally identifiable records or reports of a student, and any personal information contained therein, are confidential and exempt from the provisions of s. 119.07(1)." § 1002.22, Fla. Stat. Further, "records and reports" is broadly defined. See § 1002.22(2)(c), Fla. Stat. Most importantly for purposes of this appeal:
"Student" means any child or adult who is enrolled or who has been enrolled in any instructional program or activity conducted under the authority and direction of an institution comprising a part of the state system of public education and with respect to whom an educational institution maintains educational records and reports or personally identifiable information, but does not include a person who has not been in attendance as an enrollee at such institution.
§ 1002.22(2)(d), Fla. Stat.
The statute does not differentiate between the confidentiality rights of students based on disability, as the trial court chose to. Although the report was not part of the record on appeal, neither party disputes that it contains information about students. The trial court aptly noted that students are afforded privacy protection under state and federal law. Although we recognize the daunting task the trial court had in this case, and that it was clearly well-meaning, we find no legal justification behind the trial court's decision to distinguish the privacy rights of the students on the basis of any handicap. We conclude that reading the statutes together leaves no doubt that the legislature had no intention of permitting confidential student information to be made public. As a result, we reverse the order of the trial court and *4 instruct that all student identifying information be redacted from the report prior to it being released.
Appellees/cross-appellants seek an unredacted copy of the report. Although the record indicated that they have yet to point to any particular part of the report that is so heavily redacted they are unable to respond to it, their position is that they are unable to respond to the report in a meaningful way. It is significant that Johnson has maintained the position that the only employee whose personnel file would include this report would be Ostrosky. If the report does not become part of appellees personnel files, they have no right to respond to it, and therefore no right to see an unredacted copy.
Should the file end up in the personnel file of the appellee, section 1012.31, Florida Statutes would apply. Section 1012.31 specifically permits an employee to answer any materials contained in his or her personnel file. However, if the report contains student information, confidentiality concerns are triggered. When detailing the confidentiality rights of public school students, the legislature carved out specific exceptions. Those exceptions include in part:
However, personally identifiable records or reports of a student may be released to the following persons or organizations without the consent of the student or the student's parent:
1. Officials of schools, school systems, technical centers, or public postsecondary educational institutions in which the student seeks or intends to enroll; and a copy of such records or reports shall be furnished to the parent or student upon request.
2. Other school officials, including teachers within the educational institution or agency, who have legitimate educational interests in the information contained in the records.
§ 1002.22(3)(d), Fla. Stat.
Appellees fit in the category of "other school officials" under sub-part 2. However, the need to see the information is not based on a legitimate educational interest as the statute requires. Furthermore, had one's status as a teacher been sufficient to allow the dissemination of the confidential information, as the teachers contend, the legislature would not have included the requirement that the information be needed for a legitimate educational interest. As such, we conclude that although teachers are required to protect the confidentiality of students, being a teacher does not grant access to confidential student information. Most importantly we do not agree that the right to respond to the report trumps the right of the students to have their identifying information kept confidential.
Appellees/cross-appellants also contend that the report contains information that is statutorily prohibited from becoming part of a personnel file. Section 1012.31, Florida Statutes, provides that "[e]xcept for materials pertaining to work performance or such other matters that may be cause for discipline, suspension, or dismissal under laws of this state, no derogatory materials relating to an employee's conduct, service, character, or personality shall be placed in the personnel file of such employee."
As noted above, the actual report is not contained in this record. Further, there is no indication the trial court determined that any portion of the report would be subject to this statutory provision. However, if upon remand, the court finds that the report contains information that fits within section 1012.31 the information should not be included in the personnel file.
*5 For these reasons, we reverse the order of the trial court. Upon remand we instruct the court to redact all student identifying information.
REVERSED AND REMANDED.
KLEIN and HAZOURI, JJ., concur.