BOARDMAN, Acting Chief Judge.
Appellant, the district VIII[1] human rights advocacy committee, is an entity created under section 20.19(7), Florida Statutes (Supp.1982), to receive, investigate, and resolve “reports, of abuse or deprivation of constitutional and human rights within the area of jurisdiction of the committee.” [2] In discharge of its perceived duties, the committee petitioned for access to confidential school records which it deemed pertinent to its investigation of the alleged abuse of four developmentally disabled students by Lee County public school instructional personnel. According to the school board, the alleged abuse consisted of a teacher’s implementation of certain behavior modification techniques approved by the school’s educational psychologists. The trial court denied the committee’s petition, and this timely appeal ensued. For the reasons discussed below, we affirm.
Although this is a case of first impression, we believe that the statutory language of section 20.19(7)(g) properly resolves the controversy concerning the committee’s entitlement to confidential public school records, particularly when read in conjunction with section 228.093, Florida Statutes (1981). As pertinent to this appeal, section 20.19(7)(g) provides:
The duties of each district human rights advocacy-committee shall include, but are not limited to:
1. Serving as a third-party mechanism for protecting the constitutional and human rights of any client within a program or facility operated, funded, or regulated by the department.
2. Receiving, investigating, and resolving reports of abuse or deprivation of constitutional and human rights within the area of jurisdiction of the committee. For the purposes of such investigation, the committee shall have access to all client files and reports when the client is receiving services through, and the files and reports are in the physical custody of, the Department of Health and Rehabilitative Services. In all other cases, the Human Rights Advocacy Committee shall have standing to petition the circuit court for access to client records which are confidential as specified by law. The petition shall state the specific reasons for which the committee is seeking access and the intended use of such information. The court may authorize committee access to such records upon a *524 finding that such access is directly related to an investigation regarding the possible deprivation of human or constitutional rights or the abuse of a client. Upon completion of a general investigation of practices and procedures of the department, the committee may make a report of its findings to the department. All information obtained through an examination of such reports shall remain confidential. Client files, records, and reports, or copies thereof, shall not be removed from the department or agency facilities. All matters before a district human rights advocacy committee concerning abuse or deprivation of rights of an individual client or group of clients of the department subject to the protections of this section shall be closed to the public and exempt from the provisions of s. 119.07(1). All other matters before the committee shall be open to the public and subject to chapter 119. Any person who knowingly and willfully discloses any such confidential information is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. This section shall not be interpreted to allow committee access to confidential adoption records in accordance with the provisions of ss. 63.-162, 63.022, and 39.441.
We believe that the section's enumeration of the committee’s responsibilities reflects a legislative intent to limit the committee’s “area of jurisdiction” for the purpose of obtaining client records to matters occurring within a “program or facility operated, funded, or regulated by the department [of health and rehabilitative services].” § 20.-19(7)(g)l, Fla.Stat. (Supp.1982). Thus, while the statute affords the committee automatic access to client files and reports which are in the physical custody of the department, the committee must petition for access to confidential client records in the physical custody of programs or facilities merely funded or regulated by the department. We point out that the client records involved here are not in the possession of the department, or one of its funded or regulated programs or facilities, but rather are in the possession of a third entity, the school board, and thus are not accessible to the committee.
We reach this conclusion after examining the particular language in this provision, noting specifically that the statute restricts the committee’s investigative duties to the entity’s “area of jurisdiction,” an undefined concept significantly different from the statute’s other references to the geographic concept of “district.” Had the legislature intended the committee to have access to confidential client records from any source within its territorial area, it easily could have articulated this intention by substituting “district” in lieu of the specialized term employed. Because the legislature’s obvious use of a distinct term within different portions of the same statute strongly evidences its intent to provide a different meaning, Ocasio v. Bureau of Crimes Compensation Division of Workers’ Compensation, 408 So.2d 751, 753 (Fla. 3d DCA 1982), we reject the committee’s suggestion that its area of jurisdiction extends over every entity within its geographic district.
Furthermore, we believe that the statute’s reference to “client records” may itself signify a limitation on the committee’s “area of jurisdiction.” From this language, we perceive a legislative intent to narrow the scope of records available to the committee to those prepared for the individual in his capacity as an HRS client, as opposed to any recorded matter relating to the individual prepared by any entity for any purpose.
Finally, we find our conclusion that the committee’s “area of jurisdiction” is limited to the narrow, department-oriented field of operation described in section 20.-19(7)(g)l bolstered by the language set forth in section 20.19(7)(g)2, which immediately follows the statutory discussion of the committee’s entitlement to client records. This language provides that “[u]pon completion of a general investigation of the practices and procedures of the department, the committee may make a *525 report of its findings to the department” (emphasis added).
The committee argues that a limited interpretation of its “area of jurisdiction” ignores section 827.09(6), Florida Statutes (1981),[3] which directs the department to notify the appropriate district committee of all reports concerning abuse, neglect, or exploitation of “a disabled person or an individual suffering from the infirmities of aging.” Because such an aged or disabled person need not be a client of HRS,[4] the committee argues that its area of jurisdiction necessarily must encompass matters other than those occurring within a facility operated, funded, or regulated by the department. While we acknowledge the persuasiveness of the committee’s argument, we are constrained by the legislature’s failure to grant the committee access to confidential records under any authority other than that already discussed.
The restrictive language appearing in section 20.19(7)(g) becomes particularly significant when the statute is construed in conjunction with section 228.093, Florida Statutes (1981), the portion of the Florida School Code dealing with student records, which recognizes a strong privacy interest of every student with regard to his educational records. See id,., § 228.093(3)(d). Although this section specifically grants access to student records to certain enumerated persons or organizations, see id., § 228.093(3)(d)l.-9., it does not include the district human rights advocacy committee among those specified groups. In the absence of specific language giving the committee access to confidential public school records, we are unwilling to usurp the legislative function by creating a judicially prescribed exception to the protection afforded by the statute.
Accordingly, we AFFIRM.
OTT and CAMPBELL, JJ., concur.

. Section 20.19(7)(a), Florida Statutes (Supp. 1982), mandates the creation of at least one district human rights advocacy committee for each service district of the Department of Health and Rehabilitative Services. District VIII includes Polk, Hardee, Highlands, Sarasota, DeSoto, Charlotte, Lee, Glades, Hendry, and Collier counties. Id., § 20.19(4)(a).

. § 20.19(7)(g)2, Fla.Stat. (Supp.1982).

. Now § 415.104(1), Fla.Stat. (1983).

. See § 827.09(l)(a), (f), Fla.Stat. (1981); § 415.-102(3), (5), Fla.Stat. (1983).