The Honorable Gaylen Jungling Acting Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Jungling:
This is in response to your predecessor's request for an opinion on substantially the following question:
 MAY A DISTRICT HUMAN RIGHTS ADVOCACY COMMITTEE HAVE ACCESS TO CLIENT FILES, REPORTS, AND RECORDS IN THE CUSTODY OF THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES FOR PURPOSES OF THE COMMITTEE'S INVESTIGATION OF A REPORT OF CHILD ABUSE DURING THE PENDENCY OF A SEPARATE INVESTIGATION OF THE REPORT BY LAW ENFORCEMENT AUTHORITIES OR JUDICIAL AUTHORITIES?
Section 20.19(8)(g), F.S. (1986 Supp.), provides in pertinent part as follows:
 The duties of each district human rights advocacy committee shall include, but are not limited to:
 1. Serving as a third-party mechanism for protecting the constitutional and human rights of any departmental client within a program or facility operated, funded, licensed, or regulated by the department.
 2. Receiving, investigating, and resolving reports of abuse or deprivation of constitutional and human rights. For the purposes of such investigation, the committee shall have access to all client files, reports, and records, including those from all other agencies and departments of government, except matters under investigation by law enforcement authorities or judicial authorities, and shall have access to all client records, files, and reports in any program, service, or facility that is operated, funded, licensed, or regulated by the department for the purpose of investigating a specific complaint of abuse or deprivation of constitutional or human rights of clients of the department. No access shall be granted if a specific procedure or prohibition for reviewing records is required by federal law and regulation which supersedes state law. No access shall be granted to the records of a private licensed practitioner who is providing services outside agencies and facilities and whose client is competent and refuses disclosure or to the records of clients of a mental health facility, as defined in chapter 394, about which no complaint of abuse has been received. The committee, by majority vote, may request in writing and shall be granted access to all information relevant to the investigation. (e.s.)
According to your inquiry, the precise legal issue presented is limited to the application of the exception in the foregoing statute for "matters under investigation by law enforcement authorities or judicial authorities" in the case of a specific request from a district human rights advocacy committee for access to certain client files, reports, and records in the custody of the Department of Health and Rehabilitative Services. No question is raised in your inquiry, and no opinion is expressed herein, as to any access rights to files, reports, and records in the custody of the department pursuant to any other provision of law, nor is any opinion expressed herein as to the investigatory jurisdiction of district human rights advocacy committees. It is assumed for purposes of this opinion that the specific report of child abuse as to which access to client files, reports, and records is sought is within the particular committee's investigatory jurisdiction.
The intent of the Legislature as gleaned from the statute is the law. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983). In case of any reasonable difference as to the meaning or application of a statute, the legislative intent is the polestar which must guide any analysis and interpretation of the statute. Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985); Parker v. State,406 So.2d 1089 (Fla. 1981). Moreover, an interpretation of a statute which leads to a result obviously not designed by the Legislature will not be adopted. Drury v. Harding, 461 So.2d 104 (Fla. 1984). Legislative intent may be determined from the act as a whole, the evil to be corrected, the language of the act, including the history of its enactment, and the state of the law then existing bearing on the subject. State v. Webb, 398 So.2d 820 (Fla. 1981); State Board of Accountancy v. Webb, 51 So.2d 296 (Fla. 1951); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
Section 20.19(7)(g)2., F.S. 1983, provided in pertinent part that, for purposes of a district human rights advocacy committee's investigation of reports of abuse or deprivation of constitutional and human rights, "the committee shall have access to all client files and reports when the client is receiving services through, and the files and reports are in the physical custody of, the Department of Health and Rehabilitative Services." It appears from the facts recited in Human Rights Advocacy Committee for Developmental Services for District VIII v. Lee County School Board, 457 So.2d 522 (2 D.C.A.Fla., 1984), that a circuit court had denied a petition by a district human rights advocacy committee for access to client records in the custody of a district school board which the committee deemed pertinent to its investigation of alleged abuse of certain students by school board employees. The circuit court case, then pending on appeal where it was eventually affirmed, was brought to the attention of the 1984 Legislature. See generally, Bill file, HB 1020, 1984 Session, House of Representatives Committee on Health and Rehabilitative Services; Sponsor's remarks, Committee Meeting of May 1, 1984 (tape on file with the committee). House Bill 1020 was subsequently incorporated into CS/HB 988 and enacted into law as s. 17, Ch. 84-226, Laws of Florida. Section 17 of Ch. 84-226, supra, amended s. 20.19(7)(g)2., supra, to provide in pertinent part for access for a district human rights advocacy committee for investigative purposes "to all client files, reports, and records, including those from all other agencies and departments of government, except matters under investigation by law enforcement authorities or judicial authorities. . . ." Cf., s. 8, Ch. 84-226, amending s. 415.505, F.S. 1983, to add thereto present s. 415.505(2)(b), F.S. According to the sponsor, the provisions of what was enacted as s. 17 of Ch. 84-226 were designed to provide the district human rights advocacy committees "with the necessary tools to carry out their responsibilities. . . . Most important, it strengthens the committees' access to information" and is "essential." Subcommittee on Health, Economic and Social Services, House of Representatives Committee on Health and Rehabilitative Services, Subcommittee meeting of April 16, 1984 (tape on file with the committee). Additionally, when a member of the subcommittee inquired whether the proposed bill would alter the operation of statutes otherwise restricting access to "records of investigations," a member of a district human rights advocacy committee responded that such cases "are and will be outside of the review of [district human rights advisory committees]." Id. Cf., s. 119.07(3)(d)-(k) and (m), F.S., exempting certain information relating to law enforcement from the disclosural requirements of s. 119.07(1), F.S.
Accordingly, it appears that the amendments by Ch. 84-226, Laws of Florida, to the provisions governing access to client files, reports, and records presently codified at s. 20.19(8)(g)2., F.S. (1986 Supp.), were intended to expand the access rights of district human rights advocacy committees to such files, reports, and records in the custody of agencies and departments of government other than the Department of Health and Rehabilitative Services. At the time of such amendment, no exception for "matters under investigation by law enforcement authorities or judicial authorities" then applied to committees' access rights to client files or reports in the custody of the department. It thus appears that, in light of the evident legislative intent reflected in the history of the enactment of s. 17, Ch. 84-226, Laws of Florida, the exception enacted therein as to such "matters under investigation by law enforcement authorities or judicial authorities" does not operate to restrict committees' access to client files, reports, and records in the custody of the department but rather operates to restrict such access to files, reports and records in the custody of other agencies and departments of government. To apply such exception to files, reports, and records in the custody of the department would give s. 17 of Ch. 84-226, supra, the effect of limiting committee access to records, rather than expanding and strengthening access, as was declared to be the intent of the legislation in the hearings before the House committee and subcommittee.
In addition to the documented legislative history, the foregoing conclusion is supported by other rules of statutory construction. It is an established principle that exceptions in statutes are to be strictly construed in a manner restricting the use of such exceptions. State v. Nourse, 340 So.2d 966 (3 D.C.A.Fla., 1976); Coe v. Broward County, 327 So.2d 69 (4 D.C.A.Fla., 1976), aff'd,341 So.2d 762 (Fla. 1976); Farrey v. Bettendorf, 96 So.2d 889
(Fla. 1957). Finally, with respect to the placement of the exception for "matters under investigation by law enforcement authorities or judicial authorities," the "doctrine of the last antecedent," providing that relative and qualifying words, phrases, and clauses are to be applied to immediately preceding words and phrases rather than extending to or including others more remote, further suggests that such exception applies to records of "all other agencies and departments of government" and would not extend to client files, reports, and records in the custody of the Department of Health and Rehabilitative Services. See, Kirksey v. State, 433 So.2d 1236 (1 D.C.A.Fla., 1983); Brown v. Brown, 432 So.2d 704 (3 D.C.A.Fla., 1983), pet. for rev. dismissed, 458 So.2d 271 (Fla. 1984).
Therefore, unless and until legislatively or judicially determined otherwise, I am of the view that a district human rights advocacy committee has access to client files, reports, and records in the custody of the Department of Health and Rehabilitative Services for purposes of committee investigations of reports of child abuse, pursuant to s. 20.19(8)(g)2., F.S. (1986 Supp.), notwithstanding the pendency of a separate investigation of such reports of child abuse by law enforcement authorities or judicial authorities.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General