672 So.2d 576 (1996)
FLORIDA STATE UNIVERSITY, Appellant,
v.
John W. HATTON, Appellee.
No. 95-4254.
District Court of Appeal of Florida, First District.
April 16, 1996.
*577 Claire D. Dryfuss, Assistant Attorney General, Tallahassee, for Appellant.
Michael Alex Wasylik, Washington, DC, for Appellee.
SHIVERS, Senior Judge.
The Florida State University (the "University" or "FSU") seeks review of a non-final administrative order modifying a prehearing subpoena to require the University to produce, at hearing, "[f]ormal orders applying to all Student Conduct Code cases brought against any FSU student over the most recent two years, with any and all information by which a student could be identified redacted from the orders." Finding that the hearing officer abused his discretion in failing to allow the University to substitute summaries of the requested information for the final orders, we reverse.
Respondent, John Hatton (the "Respondent" or "Hatton"), is a student who has brought a petition pursuant to Section 120.56, Florida Statutes, seeking an administrative determination of the validity of an existing rule (Rule 6C2-3.004, Florida Administrative Code[1]). Hatton is not challenging the University's disciplinary rule as applied to him in pending, collateral proceedings.[2] Rather, in this rule challenge petition, Hatton asserts, inter alia, that the existing rule is (on its face) an "invalid exercise of delegated legislative authority," devoid of standards governing the selection of penalties, which are imposed "based on the facts and circumstances of each case."
Within this context, on November 20, 1995, the hearing officer issued subpoenas directing the University to produce (at hearing nine days later) all documents relating to disciplinary actions brought against any student during the period from March 1988 to the date of the subpoenas. The University promptly moved to quash the subpoenas, primarily on the ground of confidentiality. The hearing officer then entered an order requiring the University to produce (inter alia), at hearing the next day, "[f]ormal orders applying to all Student Conduct Code cases brought against any FSU student over the most recent two years, with any and all information by which a student could be identified redacted from the orders." The University immediately filed its petition for review in this court.
In its petition, the University contends that the documents sought to be produced are confidential pursuant to section 228.093, Florida Statutes (1993). The University maintains that the student orders constitute "records" and "reports" within the definition contained in section 228.093(2), because they are incorporated into each student's cumulative record folder, and contain the student's name, social security number, and verified reports of serious or recurrent behavior patterns, as well as other identifying data.
The University also argues that the privacy interests of the involved FSU students are protected by section 228.093(2)(f). Pursuant to section 228.093(3)(d), the release of confidential student records without the written consent of the student, the student's parent or his guardian is strictly prohibited. Further, Section 228.093(d)10.a allows for the *578 release of these records only to a "court of competent jurisdiction in compliance with an order of that court or the attorney of record pursuant to a lawfully issued subpoena, upon the condition that the pupil or student and his parent are notified of the order or subpoena in advance of compliance therewith by the educational institution or agency." Here, it is undisputed that Hatton is not represented by an attorney in the administrative proceedings below.
Section 228.093(3)(d), Florida Statutes, provides, in pertinent part, as follows:
(d) Right of privacy.Every pupil or student shall have a right of privacy with respect to the educational records kept on him or her. Personally identifiable records or reports of a pupil or student, and any personal information contained therein, are confidential and exempt from the provisions of s. 119.07(1). No ... institution of higher education in the State University System shall permit the release of such records, reports, or information without the written consent of the pupil's or student's parent or guardian, or of the pupil or student himself if he or she is qualified as provided in this subsection, to any individual, agency, or organization.... However, personally identifiable records or reports of a pupil or student may be released to the following persons or organizations without the consent of the pupil or the pupil's parent:
* * * * * *
10.a. A court of competent jurisdiction in compliance with an order of that court or the attorney of record pursuant to a lawfully issued subpoena, upon the condition that the pupil or student and his parent are notified of the order or subpoena in advance of compliance therewith by the educational institution or agency.

(Emphasis supplied). The records which are subject to this right of privacy are defined in section 228.093(2), in pertinent part, as follows:
(e) "Records" and "reports" mean any and all official records, files, and data directly related to pupils and students which are created, maintained, and used by public educational institutions, including all material that is incorporated into each pupil's or student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes. Materials which shall be considered as part of a pupil's or student's record include, but are not necessarily limited to: identifying data, including a student's social security number; academic work completed; level of achievement records, including grades and standardized achievement test scores; attendance data; scores on standardized intelligence, aptitude, and psychological tests; interest inventory results; health data; family background information; teacher or counselor ratings and observations; verified reports of serious or recurrent behavior patterns; and any other evidence, knowledge, or information recorded in any medium, including, but not limited to, handwriting, typewriting, print, magnetic tapes, film, microfilm, and microfiche, and maintained and used by an educational agency or institution or by a person acting for such agency or institution. However, the terms "records" and "reports" do not include:
* * * * * *
6. Other information, files or data which do not permit the personal identification of a pupil or student.
(Emphasis supplied).
The right of privacy set forth in Section 228.093(3)(d), Florida Statutes, attaches to records or reports which permit the personal identification of a pupil or student.[3] *579 We find that the formal orders regarding FSU students are confidential records and reports within the meaning of F.S. sec. 228.093(3)(d), because they contain identifying information about the subject student and other students who are accomplices, witnesses and victims.
Respondent does not contend that the formal orders are not confidential records and reports. Rather, he argues that the documents can be edited to delete all identifying information from them, thus rendering the edited product unprotected.
This argument assumes that the editing and release of edited reports and records is permissible pursuant to section 228.093(3)(d). However, there is only one provision in section 228.093Section 228.093(3)(a)2.which provides for partial release of information contained in confidential records and reports. Section 228.093(3)(a)2. does not provide for the release of edited information regarding persons other than the student requesting the release. Rather, it provides, in pertinent part, as follows:
(a) Right of access.-
* * * * * *
2. Such parent, guardian, pupil, or student shall have the right, upon request, to be shown any record or report relating to such pupil or student maintained by any public educational institution. When the record or report includes information on more than one pupil or student, the parent, guardian, pupil, or student shall be entitled to receive, or be informed of, only that part of the record or report which pertains to the pupil or student who is the subject of the request.

(Emphasis supplied). Thus, even under Section 228.093(3)(a)2., only "that part of the record or report which pertains to the pupil or student who is the subject of the request" is permitted to be released.
Further, such excised portions of confidential records and documents can only be released to the subject student, or to the specified persons and organizations set forth in section 228.093(3)(d)1.-12. The relevant entities to whom such release is permitted, upon prior notification to the student and his parent, are a "court of competent jurisdiction" or an "attorney of record." See Section 228.093(3)(d)10.a., Florida Statutes.
In this case, the order was not entered by a court, but by a hearing officer of the Division of Administrative Hearings. While the hearing officer is a quasi-judicial officer of a quasi-judicial forum, neither the hearing officer nor DOAH is a "court of competent jurisdiction." Cf. Human Rights Advocacy Comm. v. Lee County School Board, 457 So.2d 522 (Fla. 4th DCA 1984) (district human rights advocacy committee not included in specified groups authorized to receive confidential student information). Further, Respondent is represented by a qualified representative who is not an attorney in the proceedings below. Thus, release to that individual is not authorized pursuant to section 228.093(3)(d)10.a.
Lastly, Respondent argues that the confidentiality provisions of section 228.093(3)(d) are defeated by section 120.53(2)(a), Florida Statutes, which provides that "agency orders" are subject to public inspection. This argument is similarly without merit. Cf. Marston v. Gainesville Sun Pub. Co., Inc., 341 So.2d 783 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 171 (Fla.1977) (consistent with policy of Family Educational and Privacy Rights Act of 1974, where proceedings of student honor court are transcribed in documents designated by rule as limited access records pursuant to section 239.77, Florida Statutes, newspaper was not *580 allowed access to such proceedings on the theory that they were "public meetings"). Section 228.093(3)(d), Florida Statutes, specifically exempts these records from the provision of the Public Records Act, section 119.07(1), Florida Statutes. As stated by this court, "[i]t is a fundamental principle of law that when general and specific enactments are incongruous, the specific statute controls." Tallahassee Democrat, Inc. v. Florida Bd. of Regents, 314 So.2d 164, 166 (Fla. 1st DCA 1975), citing Adams v. Culver, 111 So.2d 665 (Fla.1959); Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (Fla. 2d DCA 1962).
At the prehearing conference held (in lieu of final hearing) on November 29, 1995, the University supplied to Hatton and proffered to the hearing officer a summary of the types of offenses and sanctions which had been imposed in the last two years in student code hearings. The University indicates that these summaries are routinely prepared by the University and made available to the public. In this case, Respondent's interest in obtaining the confidential documents is outweighed by the substantial privacy interest in the documents which the legislature has accorded to the subject students and their parents, and the interest of the University in avoiding penalties which may ensue from disclosure. Cf. Zaal v. State of Maryland, 326 Md. 54, 602 A.2d 1247 (1992) (in determining whether confidential student records shall be disclosed, trial judge must conduct balancing test in which student's privacy interest is weighed against genuine need of party requesting information). The use of summaries of the information in place of the indicated 532 cases which the documents represent would both provide Hatton with the essential information he seeks and protect the substantial, competing interests of the students and of the University. Cf. Naglak v. Pennsylvania State University, 133 F.R.D. 18 (M.D.Penn.1990) (approving submission of requested student informationprotected by federal Family Educational and Privacy Right Actin statistical, summary form).
Based upon the foregoing, we find that the hearing officer abused his discretion in requiring the University to produce redacted, confidential student records. Accordingly, the order under review is REVERSED and REMANDED with instructions that the hearing officer allow the University to present statistical information in lieu of the requested documents.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] Rule 6C2-3.004 provides for the imposition of certain enumerated sanctions upon students found responsible for violating University rules.
[2] The University states that the Respondent is currently involved in an appeal, through the University's applicable procedure, of disciplinary action which was taken against him. The Chapter 120 action from which this petition arose does not address the validity of the rule as applied to Hatton. See Section 120.57(5), Florida Statutes (exempting from formal administrative proceedings "any proceedings in which the substantial interests of a student are determined by the State University System.")
[3] The Florida statute contains no definition of "data which permit[s] the personal identification of a pupil or student." However, this court finds guidance in a definition applicable to the federal counterpart of this statutory provision, the Family Educational and Privacy Rights Act of 1974, 20 U.S.C.A. sec. 1232g, as amended (1994). In 32 CFR sec. 99.3, "personally identifiable information" is defined as follows:

Sec. 99.3 * * *
"Personally identifiable information" includes, but is not limited to:
(a) The student's name;
(b) The name of the student's parent or other family member;
(c) The address of the student or student's family;
(d) A personal identifier, such as the student's social security number or student number;
(e) A list of personal characteristics that would make the student's identity easily traceable;
(f) Other information that would make the student's identity easily traceable.
(Emphasis supplied). Applying this definition to the formal orders regarding FSU students, it is apparent that they are "confidential records and reports" within the meaning of F.S. sec. 228.093(3)(d).