874 So.2d 48 (2004)
WFTV, INC., Appellant,
v.
The SCHOOL BOARD OF SEMINOLE, etc., et al, Appellee.
No. 5D03-2118.
District Court of Appeal of Florida, Fifth District.
May 14, 2004.
Jonathan D. Kaney, Jr., Jonathan D. Kaney, III, and Andrea M. Kurak, Daytona Beach, for Appellant.
David S. Bralow, Senior Counsel, Tribune Company, Orlando, Amici Curiae, Florida Media Organizations.
Ned N. Julian, Sanford, for Appellee.
PER CURIAM.
WFTV, Inc., ("WFTV"), appeals the trial court's denial of access to student records maintained by the School Board of Seminole County. We affirm the denial, adopt in part, the opinion authored by Judge McIntosh and certify a question with respect to the extent of an exemption applicable to student records:
I. The Stipulated Facts.
WFTV, is a Florida corporation having its principal place of business in *49 Orlando, Florida where it operates a broadcast television station as WFTV Channel 9 within a viewing area that includes Seminole County and East Central Florida. The School Board of Seminole County, Florida, (the "Board"), is a body corporate of the State of Florida in which is vested the power to act as the governing body of the School District of Seminole County pursuant to section 230.21, Florida Statutes (2002). The Board operates a school bus transportation system including approximately 420 buses and 350 routes that transported students over a total of 7.1 million miles in the past school year.
The Superintendent is the executive officer of the Board in whom is vested among other powers, the custody of all records and properties of the Board. § 230.21; 230.33(3) and (4). The Board and its Superintendent are agencies of the State of Florida within the meaning of section 119.011(2), Florida Statutes (2002), and "public officers" of the state within the meaning of Art. I, section 24(a), Florida Constitution. At all times and in all respects relevant to this complaint, the Superintendent and his subordinate employees and attorneys have been acting on behalf of the Board in their official capacities.
The Board, the Superintendent, or any subordinate employees, or either or any of them, are custodians of the public records to which WFTV seeks access in this suit.[1] Patti Parker, (the "Producer"), is a news producer employed by WFTV and assigned to reporting and gathering news for use by WFTV in broadcasting news. In all respects material to this complaint, the Producer has been acting on behalf of WFTV in her capacity as an investigative news producer engaged in news gathering activities for WFTV. During December of 2001 and January of 2002, by and through the written and oral communications of the Producer, WFTV requested access to the Requested Records.
Certain records were made or received by the Board, the Superintendent, or their subordinates in the course of performing their duties as the governing body, chief executive officer, or subordinates thereof, of the public schools of the Seminole County School District. Certain of these records are the subject of this action. Solely for purposes of definitional clarity in this case, the parties stipulated and agreed with respect to each of the following terms that when such terms are used with initial capital letters, they shall have the precise meaning stipulated in the following paragraphs:
WFTV has requested access to certain records for inspection or copying, but the scope of the request is limited to such records as redacted to exclude Personally Identifiable Information. The term, "Requested Records" means the records described as follows:
i. Transportation Student Discipline Forms (redacted).
ii. Surveillance Videotape (redacted).
It was not intended that the Requested Records would include any information, files, or data which permit the personal identification of a student. WFTV made reasonable requests for access to the Requested Records. The Board and Superintendent through various delegates and agents denied WFTV's request for access to the Requested Records.

*50 The Subject Records include "Transportation Student Discipline Forms." The Transportation Student Discipline Forms are incident reports which reflect incidents among students aboard the buses that require follow up in some manner by school district administrators. The Transportation Student Discipline Forms are "records and reports" within the meaning of section 228.093(2)(e) and are maintained by the Defendants by reference to the names of particular students.
The Subject Records also include "Surveillance Videotape." The Surveillance Videotape shows views of students while riding on the school buses, including identifiable facial features. The Board does not maintain the Surveillance Videotape permanently. When a segment of Surveillance Videotape is relevant to a student disciplinary question, the tape or portion thereof is filed and retained by the Board as an Education Record. In other cases, the Surveillance Videotape is not preserved and the tape is re-used, which erases the former images and replaces them with new images.[2] WFTV's request is addressed to those Surveillance Video Tapes which are maintained as Education Records as described above. All segments of Surveillance Videotape now in the custody of the Board are Education Records maintained by the Defendants by reference to the names of particular students.
* * *
II. The Stipulated Issue of Law.
Whether the School Board is obligated to produce records and reports (as defined in section 228.093(2)(e)) under Art. I, section 24(a), Florida Constitution and section 119.07(l) and (2), or whether those records and reports and any information contained therein are exempt under section 228.093, Florida Statutes (2001).[3]
III. Conclusions of Law and Analysis.
The court's analysis of the legal issue presented begins with review of Art. I, section 24 of the Florida Constitution. Art. I, section 24, Access to public records and meetings, provides, in relevant part, as follows:
(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.
(b) * * *
(c) This section shall be self-executing.

*51 * * *
(d) All laws that are in effect on July 1, 1993 that limit public access to records or meetings shall remain in force, until they are repealed.[4] * * *
Section 228.093(3), Florida Statutes (2001) provides for the rights of students and their parents with regard to the student's educational records, in relevant part, as follows:
(3) RIGHTS OF PARENT, GUARDIAN, PUPIL OR STUDENT.The parent or guardian of any pupil or student who attends or has attended any public school, area vocational technical training center, community college, or institution of higher education in the State University System shall have the following rights with respect to any records or reports created, maintained, and used by any public educational institution in the state. However, whenever a pupil or student has attained 18 years of age, or is attending an institution of postsecondary education, the permission or consent required of, and the rights accorded to, the parents of the pupil or student shall thereafter be required of and accorded to the pupil or student only, unless the pupil or student is a dependent pupil or student of such parents as defined in 26 U.S.C. s. 152 (s. 152 of the Internal Revenue Code of 1954). The State Board of Education shall formulate, adopt, and promulgate rules whereby parents, guardians, pupils, or students may exercise these rights:
(a) Right of access.
(b) Right of waiver of access to confidential letters or statements.
* * *
(c) Right to challenge and hearing.
* * *
(d) Right of privacy. Every pupil or student shall have a right of privacy with respect to the educational records kept on him or her. Personally identifiable records or reports of a pupil or student, and any personal information contained therein, are confidential and exempt from the provisions of § 119.07(1). No state or local educational agency, board, public school, area technical center, community college, or institution of higher education in the State University System shall permit the release of such records, report or information without the written consent of the pupil's or student's parent or guardian, or of the pupil or student himself or herself if he or she is qualified as provided in this subsection, to any individual, agency, or organization. However, personally identifiable records or reports of a pupil or student may be released to the following persons or organizations without the consent of the pupil or the pupil's parent: 1.-13.
* * *
The purpose of section 228.093 is stated in section 228.093(1) as follows:
(1) PURPOSE.The purpose of this section is to protect the rights of pupils and student and their parents or guardians with respect to pupil and student records and reports as created, maintained, and used by public educational institutions in the state. The intent of the Legislature is that *52 pupils and students and their parents or guardians shall have rights of access, rights of challenge, and rights of privacy with respect to such records and reports, and that rules shall be available for the exercise of these rights.
The terms "records" and "reports" are defined in section 228.093(2)(e), in relevant part, as follows:
(e) "Records" and "Reports" mean any and all official records, files, and data directly related to pupils and students which are created, maintained, and used by public educational institutions, including all material that is incorporated into each pupil's or student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes. Materials which shall be considered as part of a pupil's or student's record include, but are not necessarily limited to: identifying data, including a student's social security number; academic work completed; level of achievement records, including grades and standardized achievement test scores; attendance data; scores on standardized intelligence, aptitude, and psychological tests; interest inventory results, health data; family background information; teacher or counselor ratings and observations' verified reports of serious or recurrent behavior patterns; and any other evidence, knowledge, or information recorded in any medium, including, but not limited to, handwriting, typewriting, print, magnetic tapes, film, microfilm, and microfiche, and maintained and used by an educational agency or institution. However, the terms "records" and "reports" do not include:
* * *
6. Other information, files or data which do not permit the personal identification of a pupil or student.
WFTV urges the court to conclude that the School Board's reliance on section 228.093(3) to deny public access to the Requested Records is erroneous. WFTV argues this reliance is misplaced because the exemption from section 119.07(1) provided for in section 228.093(3)(d) applies only to personally identifiable information within the "records and reports." WFTV argues that the School Board is required to redact the personally identifiable information from the Surveillance Videotape and Transportation Student Discipline Forms pursuant to the requirement of section 119.07(2) and provide public access to the redacted documents.
Chapter 119 of the Florida Statutes, The Florida Public Records Act, was enacted to promote public awareness and knowledge of government actions in order to ensure that governmental officials and agencies remain accountable to the people. Forsberg v. Housing Authority of the City of Miami Beach, 455 So.2d 373, 378 (Fla.1984). The Florida Public Records Act creates a state policy that government records, with specific exceptions, should be open at all times to the public. Section 119.07(1) requires every person who has custody of a public record to permit the record to be inspected and examined by any person desiring to do so. Section 119.07(2)(a) provides as follows:
(2)(a) A person who has custody of a public record and who asserts that an exception provided in subsection (3) or in a general or special law applies to a particular public record or part of such record shall delete or excise from *53 the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination.
* * *
Most importantly, while The Florida Public Records Act is to be liberally construed in favor of open government, exemptions from disclosure are to be narrowly construed. Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla.1988). Because the School Board has denied access to public records based on its contention that the requested records are exempt from the requirements section 119.07, the burden of proof and persuasion rests with the School Board. The agency bears the burden of proving its right to the claimed exemption. See Woolling v. Lamar, 764 So.2d 765, 767 (Fla. 5th DCA 2000).
WFTV argues that the School Board is required to redact the personally identifiable information from the Subject Records (the Transportation Student Discipline Forms and Surveillance Videotapes) and provide access to the Requested Records (the Subject Records redacted of all personally identifiable information) pursuant to the requirements of Art. I, section 24, Florida Constitution and section 119.07(1) and (2). WFTV argues that the confidentiality and exemption provision in section 228.093(3)(d) applies only to Personally Identifiable Information within the Subject Records.
The School Board urges the court to conclude that section 228.093(3)(d) prohibits WFTV from having any access to the Surveillance Videotape and Transportation Student Discipline Form even if all personally identifying information is redacted from the documents. Even with such redaction, the School Board argues that the Requested Records are still confidential and exempt from section 119.07(1) and may not be disclosed, without written parental consent, to the public, except as specifically provided in section 228.093(3)(d) 1.-13. The court agrees with the School Board. Pursuant to section 228.093(3)(d), the Requested Records are confidential and specifically exempted from the requirements of section 119.07(1). The School Board is prohibited from disclosing the Requested Records to WFTV, without written parental consent.
A. The confidentiality and exemption provisions in section 228.093(3)(d) apply to the Requested Records.

In the instant case, the Requested Records are both confidential and exempt from section 119.07(1) and, hence, the School Board is prohibited from disclosing the Requested Records to WFTV.
There is a difference between records the Legislature has determined to be exempt from The Florida Public Records Act and those which the Legislature has determined to be exempt from The Florida Public Records Act and confidential. If information is made confidential in the statutes, the information is not subject to inspection by the public and may only be released to the persons or organizations designated in the statute. In Lee County v. State Farm Mutual Automobile Ins. Co., 634 So.2d 250 (Fla. 2d DCA 1994), a county policy requiring notarized signature on all release forms was determined a valid means of protecting records made confidential by the Legislature. In Alice P. v. Miami Daily News, Inc., 440 So.2d *54 1300 (Fla. 3d DCA 1983), rev. denied 467 So.2d 697 (Fla.1985) confidential information contained in a license application submitted to a state agency was determined not subject to disclosure).
If records are not confidential but are only exempt from the Public Records Act, the exemption does not prohibit the showing of such information. As stated in Williams v. City of Minneola, 575 So.2d 683, 687 (Fla. 5th DCA), review denied, 589 So.2d 289 (Fla.1991), appeal after remand, 619 So.2d 983 (Fla. 5th DCA 1993), "the exemption does not prohibit the showing of such information. There are many situations in which investigators have reasons for displaying information which they have the option not to display." The focus in determining whether a record loses its public record exemption is on the policy behind the exemption and not the simple fact the information has changed agency hands. See Ragsdale v. State, 720 So.2d 203, 206 (Fla.1998). Once an agency released to the public certain information the Legislature has protected from disclosure by a Public Records Act exemption, no further purpose is served by the exemption and full public access to the information is warranted. Downs v. Austin, 522 So.2d 931, 935 (Fla. 1st DCA 1988).
Four Florida cases have dealt with the confidentiality and exemption provisions of section 228.093(3)(d). In Human Rights Advocacy Committee For Developmental Services For District VIII v. Lee County School Board, 457 So.2d 522, 525 (Fla. 2d DCA 1984), the court stated that section 228.093(3)(d) of the Florida School Code "recognizes a strong privacy interest of every student with regard to his educational records." Since section 228.093(3)(d) did not contain specific language giving the Human Rights Advocacy Committee access to certain school records, the court declined "to usurp the legislative function by creating a judicially prescribed exception to the protection afforded by the statute." Id.

In Tampa Television, Inc. v. School Board of Hillsborough County, 659 So.2d 331 (Fla. 2d DCA 1995), Judge Parker specially concurred that a videotape recording produced by a mounted video camera taping students while riding on public school buses are student "records and reports" pursuant to section 228.093 because these recordings could be utilized to produce "verified reports of serious or recurrent behavior patterns," which section 228.093(2)(e) includes in its lists of materials considered as part of a student's record. The issue before the court in Tampa Television has been agreed to in the instant case. WFTV agrees, at least for purposes of this case, that the Surveillance Tapes and Transportation Student Discipline Forms are "records and reports" under section 228.093(2)(e).
In F.A.T. v. State of Florida, 690 So.2d 1347 (Fla. 1st DCA 1997), the court addressed the issue of whether attendance records were subject to disclosure under section 228.093. Once the court decided that the attendance records fell within the definition of "records and reports," the court concluded that the attendance records were not subject to public disclosure. At that juncture, the only other issue considered by the court in the F.A.T. case was whether any of the statutory exceptions to nondisclosure applied. In the instant case, WFTV stipulated that the Subject Records are "records and reports," and WFTV does not argue that any of the statutory exceptions to nondisclosure apply. Because it does not appear that redaction was an issue in the F.A.T. *55 case, the F.A.T. decision is not instructive on that issue.
Finally, in Florida State University v. Hatton, 672 So.2d 576 (Fla. 1st DCA 1996), a Florida State University ("FSU") student, in a Chapter 120 administrative rule challenge, sought a prehearing subpoena of "formal orders applying to Student Conduct Code cases brought against any FSU student over the most recent two years, with any and all information by which a student could be identified redacted from the orders." Id at 577.
On appeal of the non-final administrative order requiring FSU to produce the formal orders redacted of any and all information by which a student could be identified, FSU argued that the redacted records sought to be produced were confidential pursuant to section 228.093(3)(d). The First District Court of Appeal reversed the administrative order and found an abuse of discretion by the hearing officer in requiring FSU to produce redacted, confidential student records. It was only after the Hatton court expressly concluded that the redacted records were confidential that the court conducted a balancing test for discovery purposes. The FSU student's interest in obtaining the confidential documents (the redacted formal orders) was "outweighed by the substantial privacy interest in the documents which the legislature has accorded to the subject students and their parents, and the interest of the University in avoiding penalties which may ensue from disclosure." Id. at 580.
Regarding the confidentiality of the redacted records, the Hatton court stated that, "The right of privacy set forth in section 228.093(3)(d), Florida Statutes, attaches to records or reports which permit the personal identification of a pupil or student." Id. at 578. Noting that section 228.093(2)(e)6. contains no definition of "data which permit[s] the personal identification of a pupil or student," the Hatton court found guidance in "the federal counterpart of this statutory provision"FERPA.[5]Id. See Footnote 3 in Hatton. Utilizing the definition of "Personally Identifiable Information" contained in FERPA, the court then concluded, "We find that the formal orders regarding FSU students are confidential records and reports within the meaning of section 228.093(3)(d), Florida Statutes (2001), because they contain identifying information about the subject student and other students who are accomplices, witnesses and victims." Id. at 579.
The FSU student argued that the documents could be edited to delete all personally identifying information from them, thus rendering the redacted documents unprotected. The same argument has been made by WFTV. The Hatton court rejected this redaction argument as follows:
This argument assumes that the editing and release of edited reports and records is permissible pursuant to section 228.093(3)(d). However, there is only one provision in section 228.093 section 228.(3)(a) 2.which provides for partial release of information contained in confidential records and reports. Section 228.093(3)(x) 2. does not provide for the release of edited information regarding persons other than the student requesting the release. Rather, it provides, in pertinent part, as follows:
(a) Right of access.

*56 * * *
2. Such parent, guardian, pupil, or student shall have the right, upon request, to be shown any record or report relating to such pupil or student maintained by any public educational institution. When the record or report includes information on more than one pupil or student, the parent, guardian, pupil, or student shall be entitled to receive, or be informed of, only that part of the record or report which pertains to the pupil or student who is the subject of the request.

Thus, even under Section 228.093(3)(a) 2., only "that part of the record or report which pertains to the pupil or student who is the subject of the request" is permitted to be released. (Emphasis added.)
Further, such excised portions of confidential records and documents can only be released to the subject student, or to the specified persons and organizations set forth in section 228.093(3)(d) 1.-12. Id. at 579. (Emphasis added.)
The Hatton court found the redaction argument without merit. Because neither the Division of Administrative Hearings nor its hearing officers were "a court of competent jurisdiction" or otherwise included in the specified persons or organization authorized to receive confidential student information under section 228.093(3)(d)1.-12, release of even the redacted student records was prohibited. Because the FSU student was not represented by an attorney in the proceedings below, the "attorney of record" exception in the then section 228.093(3)(d)10.a. also did not apply. The Hatton court held that the hearing officer abused his discretion in requiring FSU to produce the redacted, confidential student records.
WFTV argues that Hatton does not deal with the public's right of access to "records and reports." WFTV asks the court to construe Hatton as only deciding the authority of the ALJ in discovery disputes under chapter 120 and deciding the specific right of access granted to adult students under FERPA. The court declines to do so. The Hatton court decided the same confidentiality and redaction issues raised by WFTV in the instant case. When the FSU student sought access to the redacted records of other students, the FSU student was in the same shoes as WFTV regarding the confidentiality and redaction issues.
* * *
Based upon Hatton, the court finds that the Requested Records are confidential and exempt from section 119.07(1) and can only be released to the particular student to whom the records pertain or to the specified persons and organizations set forth in section 228.093(3)(d)1.-13., without written parental consent. In the instant case, disclosure of the Requested Records to WFTV is prohibited pursuant to section 228.093(3)(d).
Finally, WFTV asks the court not to expand the Hatton decision to restrict the rights guaranteed to all Floridians by Art. I, section 24(a) and section 119.07(1). The court has not done so. The Hatton decision that the redacted student records were confidential was based on section 228.093(3)(d). Art. I, section 24(d) of the Florida Constitution states that all laws in effect on July 1, 1993 that limit public access to records shall remain in force. Section 228.093, in effect on July 1, 1993, limits public access to records as expressly allowed by Art. I, section 24(d) of the Florida *57 Constitution. Additionally, section 228.093(3)(d) exempts the Requested Records from section 119.07(1).
B. The court declines to construe section 228.093 in pari materia with FERPA.

WFTV asks the court to construe section 228.093 in pari materia with the provisions of 20 U.S.C. section 12320, the Family Educational Rights and Privacy Act of 1974, which is sometimes referred to as the Buckley Amendment or the Buckley/Pell Amendment ("FERPA"). The court declines to do so.
As accurately pointed out by WFTV, "the purpose of the ACT is two-fold to assure parents of students access to their education records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent."[6]FERPA does not prohibit the disclosure of any educational records. FERPA only operates to deprive an educational agency or institution of its eligibility for applicable federal funding based on their policies and practices regarding public access to educational records if they have any policies or practices that run afoul of the rights of access and disclosural privacy protected by FERPA.
Two sections in FERPA are designed to ensure that recipients of federal education funds protect students' and their parents' rights to disclosural privacy. The first specifically provides when education records can be released without written parental consent, as follows:
(1) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization, other than to the following:
(A)-(J)
* * *
20 U.S.C. § 1232 g(b)(1).
The second prohibits the disclosure of any personally identifiable information in education records unless permitted under section (1), above, or with written parental consent. The second provides, in relevant part, as follows:
No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph of this subsection, unless... there is written consent from the student's parents....
20 U.S.C. § 1232 g(b)(2).
As correctly argued by WFTV, there is an important difference in the wording of these two subsections. Subsection 1 permits the transfer of the entire education record, including personally identifiable information contain therein, to those specifically listed, without written parental consent. Subsection 2 prohibits only the release of personally identifiable information contained in education records, except to those listed in subsection 1, without written parental consent. The School Board acknowledges in its Response that various *58 courts have interpreted FERPA to allow federal fund recipients to release education records redacted of personally identifiable information contained therein.
The court declines to construe section 228.093 in harmony with FERPA because FERPA has been construed to protect only Personally Identifiable Information. This is because 20 U.S.C. section 1232g(b)(2) prohibits funding to any educational agency which has a policy or practice of releasing "education records or any personally identifiable information" contained in education records. There is no parallel provision in section 228.093(3)(d). Section 228.093(3)(d) prohibits the release of, or access to "personally identifiable records or reports of a pupil or student, and any personal information contained therein, ..." The State of Florida goes beyond the funding conditions specified in FERPA and protects the privacy of its students in its educational institutions by preventing the release of "any personal information" contained in records or reports which permit the personal identification of a student.[7] "Personal information" is more encompassing than "Personally Identifiable Information."
Additionally, the court declines to construe section 228.093(3)(d) in pari materia with FERPA because the Hatton court decided that section 228.093 protects as confidential even those "records or reports" that are redacted of any and all personally identifying information.
BASED ON THE ABOVE, it is hereby ORDERED and ADJUDGED as follows:
1. Declaratory Judgment is entered in favor of the Defendants, the School Board of Seminole County and its Superintendent. The Requested Records are confidential and exempt from the requirements of section 119.07 pursuant to section 228.093(3)(d), Florida Statutes (2001). The Defendants are prohibited from disclosing the Requested Records to WFTV.
The judgment is affirmed, but we certify the following question to be of great public importance:
Do the provisions of section 228.093(3)(d) create an exemption from the Public Records Law for the entire contents of a student's record within which there is a student's personally identifiable information or does it create an exemption only for such personally identifiable information within that record so that upon a proper request, the custodian must redact the personally identifiable information and produce the balance of the record for inspection under section 119.07(2)(a)?
AFFIRMED; QUESTION CERTIFIED.
PETERSON, PALMER and ORFINGER, JJ., concur.
NOTES
[1] The trial court refers to both the Defendants (the Board and its Superintendent) as the "School Board".
[2] The Court does not address maintenance issues that could arise from the reuse of the Surveillance Videotape. See, e.g., Tampa Television, Inc. v. School Board of Hillsborough County, 659 So.2d 331 (Fla. 2d DCA 1995).
[3] Chapter 2002-387, section 1058 repealed section 228.093, effective January 7, 2003. Section 228.093 was recodified as section 1002.22, Florida Statutes (2002). The 2002 recodification did not amend the provisions of section 228.093. Because this action was filed before the 2002 recodification became effective, the trial court utilized section 228.093, Florida Statutes (2001).
[4] Section 228.093, Florida Statutes (2001), was in effect on July 1, 1993, and has not been repealed.
[5] The Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 12320.
[6] See 120 Cong.Rec.39862 (Dec. 13, 1974)(Joint Statement in Explanation of Buckley/Pell Amendment).
[7] The Florida Legislature also provides any aggrieved parent, guardian, pupil, or student with a private cause of action for violation of any provision of section 228.093. The aggrieved party shall have an immediate right to bring an action in the circuit court to enforce the violated right by injunction. The aggrieved party who brings such an action and whose rights are vindicated may be awarded attorney's fees and court costs. See § 228.093(5), Fla. Stat. (2001). FERPA does not provide a private cause of action. Krebs v. Rutgers, 797 F.Supp. 1246. FERPA's nondisclosure provisions created no personal rights to enforce under section 1983. Gonzago Univ. v. Doe, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309.