Ms. Judy Hyman Montgomery Larson, LLP Post Office Box 3086 West Palm Beach, Florida 33402-3086
Dear Ms. Hyman:
On behalf of the Clerk of Courts for the Fifteenth Judicial Circuit, you ask substantially the following questions:
1. Does a request made to the clerk of courts to exempt identifying information from disclosure under section 119.07(6)(i), Florida Statutes, apply to records that come within the clerk's control when he or she is acting as clerk for the Value Adjustment Board?[1]
2. Does a request made to the property appraiser for exemption under section 119.07(6)(i), Florida Statutes, follow records that are relayed to the clerk of courts acting as clerk for the Value Adjustment Board?
Your initial question arose in light of statutory duties imposed on the clerk of courts (clerk) to act as the clerk of the county's Value Adjustment Board (VAB) in addition to being custodian of the official records and court records.[2] In further communication with this office, you have related that the clerk is uncertain whether a request for an exemption made to the property appraiser would follow a record when it is given to the clerk in his or her capacity as clerk of the VAB.
Question One
Section 119.07(6)(i), Florida Statutes, contains exemptions for certain identifying information relating to specified past and present public officers and employees and their families. An agency that is the custodian of such personal information and that is not the employer of the officer, employee, justice, judge or other person specified in the statute must maintain the exempt status of the personal information "only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for maintenance of the exemption to the custodial agency."[3] Thus, the Legislature has distinguished between agencies that are the
employers of such individuals and those that are not employers but may be custodians of the information made exempt by section 119.07(6)(i).
In Attorney General Opinion 97-67, this office was asked whether the clerk of courts was required to maintain the confidentiality of information under section 119.07(3)(i), Florida Statutes [now 119.07(6)(i)], when such information is placed in the Official Records identified in section 28.222, Florida Statutes, and the protected party has requested the custodian to maintain the exempt status of the information. The question arose when a law enforcement officer was a party to a real estate transaction and information including the officer's home address was recorded in the Official Records. While observing that Official Records are public records, and access to those records serves a great public interest in ensuring the accuracy of real estate transactions, this office recognized that the Legislature has exempted certain information relating to law enforcement officers from disclosure and specifically authorized the non-employing custodian of such information to maintain that exempt status when requested to do so in writing by the officer or the officer's employing agency. No exception from this exemption was found for documents contained in the Official Records. It was concluded that the Official Records were subject to the provisions in section 119.07(3)(i) [now 119.07(6)(i)] when the appropriate request has been made.
Thus, a custodian who is not the employer of an individual whose personal information may be exempted from public disclosure pursuant to section119.07(6)(i), Florida Statutes, must maintain the exempt status when requested to do so in writing by the protected person or his or her employing agency. The statute governs the protection of identifying information and does not discriminate as to the documents or records in which the information may be found. Accordingly, should the clerk of courts receive a request pursuant to section 119.07(6)(i), it is my opinion that the clerk would be required to apply the exemption to all such identifying information that is in or may come into his or her custody.
Question Two
While the clerk of courts is not the custodian of the records of the property appraiser, you state that the clerk may at times access or be provided such records in order to obtain information needed for the preparation of VAB petitions. The property appraiser receives requests to exempt identifying information from disclosure under section 119.07(6)(i), Florida Statutes, and applies it to records in his or her office. In this instance, however, the property appraiser and the clerk of courts operate in concert when dealing with VAB matters.[4] The statutorily prescribed integration of the clerk of courts as the clerk for the VAB and the role of the property appraiser in the VAB process supports a conclusion that a request made to the property appraiser for exemption under section119.07(6)(i), would continue to apply to such identifying information when it is relayed to the clerk.
The clear intent of section 119.07(6)(i), Florida Statutes, is to exempt certain identifying information from disclosure upon the request of a protected individual to the custodian of records that may contain such information. While the statute clearly places the burden upon the individual or the individual's employing unit to request an exemption from the custodian of records, in this particular situation it would appear hyper-technical to require distinct requests to the clerk in his or her capacity as the clerk of the VAB and as the clerk of the property appraiser.
Accordingly, it is my opinion that a request made to the property appraiser for an exemption from disclosure of identifying information under section119.07(6)(i), Florida Statutes, would follow the property appraiser's records when they are relayed to the clerk of courts carrying out duties for the Value Adjustment Board.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Your original question speaks to requests for "confidentiality" of records, but I would note that s. 119.07(6)(i), Fla. Stat., makes certain identifying information "exempt from the provisions of subsection (1)" of s. 119.07, Fla. Stat. It has been judicially determined that there is a difference between records the Legislature has determined to be exempt from the Public Records Act and those determined to be confidential. See WFTV,Inc. v. School Board of Seminole, 874 So.2d 48, 53 (Fla. 5th DCA 2004),review denied, 892 So.2d 1015 (Fla. 2004). If information is made confidential, the information is not subject to inspection by the public and may be released only as designated in the statute. If records are merely exempt from the mandatory disclosure requirements, an agency is not prohibited from disclosing such documents in all circumstances. SeeWilliams v. City of Minneola, 575 So.2d 683, 687 (Fla. 5th DCA 1991),review denied, 589 So.2d 289 (Fla. 1991). This office, however, has advised that in exercising the discretion of releasing such information, an agency should act in accord with the legislative purpose for the exemption. An agency should determine whether there is a statutory or substantial policy need for disclosure. See Op. Att'y Gen. Fla. 90-50 (1990).
[2] See s. 194.015, Fla. Stat., stating that _the clerk of the governing body of the county shall be the clerk of the value adjustment board._
[3] Section 119.07(6)(i)6., Fla. Stat.
[4] See s. 194.011(3)(b), Fla. Stat., providing that a completed petition to the value adjustment board "shall be filed with the clerk of the value adjustment board of the county, who shall acknowledge receipt thereof and promptly furnish a copy thereof to the property appraiser." See also s.194.011(4)(a), Fla. Sta., stating: "At least 15 days before the hearing the petitioner shall provide to the property appraiser a list of evidence to be presented at the hearing, together with copies of all documentation to be considered by the value adjustment board and a summary of evidence to be presented by witnesses."