Dear Mr. Williams:
On behalf of the School Board of Palm Beach County, you ask substantially the following question:
Does the case of Johnson v. Deluz allow the redaction of litigation records relating to complaints by students against school district administrators, teachers or other employees for physical or sexual abuse so that such records may be released absent consent or court order?
Your office has received a public records request for documents showing the original complaint and final disposition of every lawsuit brought by a student, parent or their representative against the school district over the last ten years involving physical or sexual abuse by a teacher, administrator or other school district employee. The request also includes documents showing the dollar amount and terms of any settlements in such cases. The school district has taken the position that such records are "student records" that are not subject to disclosure in their entirety since they identity students or would make the identity of students easily traceable. This office has been advised that the records sought are litigation records that are part of case files of a judicial proceeding.
Section 119.07(1), Florida Statutes, makes "public records" open for inspection and copying. There is no question that the records requested are public records. However, section 1002.22(3)(d), Florida Statutes, gives every student a right of privacy with respect to the educational records kept on him or her and states that "[p]ersonally identifiable records or reports of a student, and any personal information contained therein, are confidential and exempt from s. 119.07(1)." No state or local educational agency, board, public school, career center, or public postsecondary educational institution may permit the release of such records without the written consent of the student's parent, or of the student himself or herself if he or she is qualified to give it.
Student "records" and "reports" are defined as
 "official records, files, and data directly related to students that are created, maintained, and used by public educational institutions, including all material that is incorporated into each student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes. Materials that shall be considered as part of a student's record include, but are not necessarily limited to: identifying data, including a student's social security number; academic work completed; level of achievement records, including grades and standardized achievement test scores; attendance data; scores on standardized intelligence, aptitude, and psychological tests; interest inventory results; health data; family background information; teacher or counselor ratings and observations; verified reports of serious or recurrent behavior patterns; and any other evidence, knowledge, or information recorded in any medium, including, but not limited to, handwriting, typewriting, print, magnetic tapes, film, microfilm, and microfiche, and maintained and used by an educational agency or institution or by a person acting for such agency or institution."[1]
This expansive definition of "student records" and the confidentiality provision in section 1002.22, Florida Statutes, along with the limited statutory exception for partial disclosure of student information,[2] have led courts to conclude that student records may not be disclosed, even in redacted form, as the entire document is confidential.[3]
In Johnson v. Deluz,[4] however, the Fourth District Court of Appeal considered the release of a report that incidentally contained student identifying information. The report, resulting from an investigation of a principal, contained references to faculty members and confidential student information. The teachers referenced in the report refused to sign confidentiality agreements regarding the student information and refused to accept copies of the report that had such information redacted, filing suit to obtain unredacted copies of the report. Initially, the trial court ordered the school board to provide the report with all student identifying information redacted, with notice to the affected students. However, the students' parents objected, leading the trial court to state that it would not determine which information should remain confidential. The court concluded that since the report had been released to the school board, it had become public, but found that certain exceptional students had a privacy interest requiring redaction. The superintendent argued that all student identifying information should be redacted.
On appeal, the district court agreed with the position of the superintendent that all student identifying information should be redacted. The court further cited section 1012.31(3), Florida Statutes, governing personnel files of school employees and providing that a complaint against a public school system employee remains confidential until the preliminary investigation concludes or ceases to be active, to conclude that the complaint and all such materials related to the investigation are open to the public pursuant to section 119.07(1), Florida Statutes.[5] The court was clear, however, that all student identifying information was to be redacted before the report could be released.
The Deluz opinion would support a finding that there are records containing student identifying information held by a school district that are not by such fact student records precluded from being released.[6] The confidentiality of student identifying information, however, is preserved. In this instance, litigation records, such as the complaint against a school employee and any settlement resulting therefrom, would appear to be analogous to the records in Deluz. As in Deluz,
however, any student identifying information must be redacted prior to the release of such litigation records.
It is my opinion that litigation records are public records that must be released after student identifying information has been redacted.
Sincerely,
Charlie Crist Attorney General
CC/tals
[1] Section 1002.22(2)(c), Fla. Stat.
[2] See s. 1002.22(3)(a)2., Fla. Stat., providing that "[w]hen the record or report includes information on more than one student, the parent or student shall be entitled to receive, or be informed of, only that part of the record or report that pertains to the student who is the subject of the request."
[3] See Florida State University v. Hatton, 672 So. 2d 576,578 (Fla. 1st DCA, 1996); WFTV, Inc. v. The School Board ofSeminole, 874 So. 2d 48 (Fla. 5th DCA, 2004), petition forreview denied, 892 So. 2d 1015 (Fla. 2004).
[4] 875 So. 2d 1 (Fla. 4th DCA, 2004).
[5] Section 119.07(1), Fla. Stat., in pertinent part, provides: "every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so. . . ."
[6] Cf., Op. Att'y Gen. Fla. 2001-64 (felony complaint/arrest affidavit created and maintained by school police officers for a juvenile who is a student in the Miami-Dade County Public Schools is a law enforcement record subject to disclosure under Ch. 119, Fla. Stat.). While the confidentiality of student identifying information is well settled, there have been several instances where students as parties to court cases against the school board have been identified. See Palm Beach County School Board v. AnnMontgomery, individually, and as natural guardian of MichaelMontgomery, 641 So. 2d 183 (Fla. 4th DCA 1994); James Taylor, aminor by Nancy Taylor, his mother and natural guardian and NancyTaylor, individually, v. Palm Beach County School Board,605 So. 2d 1277 (Fla. 4th DCA 1992); Sharon Schattie, as next friend andguardian of Christopher Wayne Fisbie v. Clifford Taylor and PalmBeach County School Board, 461 So. 2d 1020 (Fla. 4th DCA 1984); and Palm Beach County School Board v. Harry Keats, a minor byand through his mother, Patti Keats, and his father, StanleyKeats, and Northwest Insurance, 459 So. 2d 1056 (Fla. 4th DCA 1984).